# DECISIONS

OF THE

# SUPREME COURT OF MISSOURI,

## FOURTH JUDICIAL DISTRICT.—Sept. Term, 1835.

### M. & W. Boren v. Welty.

|4|250|
|154|692|

The circuit court has no power to issue a writ of certiorari to bring up proceedings had before a justice, after trial there.

APPEAL from the Cape Girardeau circuit court.

Opinion of the court delivered by McGirk J.*

Welty brought an action before a justice of the peace, against the defendant for killing a horse, on the trial of which the plaintiff had judgment.

Statement of the case.

The defendant prayed an appeal, but failed to perfect the same by giving the recognizance required by law. The papers however, were brought up to the circuit court and dismissed. The defendants, (the Borens,) then made an affidavit, showing to the court that when the trial was had and the appeal prayed, McClean, the justice, informed them that the law allowed twenty days to appeal in, and not knowing that this advice was false, they rested till after the expiration of the ten days allowed by law, after which, and before the expiration of twenty days, they applied to the justice to give the recognizance, and that the justice then said it was too late, and refused to take the recognizance. The affidavit further shews that McClean the justice, took Matthew Boren aside, on his first application for the appeal, and told him not to be in a hurry, as the law allowed twenty days to appeal in; and to say nothing about it, as the law was a secret, and known only to a few.

On this affidavit, the Borens moved the circuit court for a writ of certiorari to the justice to send up the proceedings which was granted, when the writ and proceedings were returned. Mr. Ranney, for the plaintiffs in

*Judge Wash absent.

32

SEPT. TERM
1835.

M. & W. Boren
v.
Welty.

The circuit court
has no power to
issue a writ of cer-
tiorari to bring up
proceedings had
before a justice,
after a trial there.

the certiorari, moved the court to set aside the proceedings of the justice, on the ground of inequality and error; the circuit court decided there was no error in the proceedings of the justice, and refused to reverse or otherwise vacate the same. The cause is brought here by appeal.

It seems to be admitted on all sides, that the proceeding of the justice was grossly irregular and erroneous, and indeed we are of that opinion also. But we are told in in argument that the circuit court refused to set the proceedings aside on the ground that the certiorari had improvidently issued, and the party failed to make out his case by proof; this may be so, there is nothing on the record to show what the proof was, except the affidavit of the party.

Mr. Davis, for Welty, now argues that the circuit court, has no power to issue a certiorari to bring up proceeding had before a justice, after a trial had before him.

We think this view of the subject is correct. Formerly in this state, an act of the general assembly, allowed a certiorari to remove the proceeding from before the justice after trial, and it provided that if the proceedings are irregular, they shall be set aside and a trial shall be had.

This statute has long since been repealed; but it is argued by the counsel, that at common law the certiorari might be allowed to perform the office required of it in this case. At common law, the writ of certiorari was used to bring up proceedings before trial, but never afterwards, and when brought up, the trial was had at large on the merits. When the act respecting a certiorari was repealed, we believe the legislature intended to leave [the] matter solely on the appeal, and if the party fail to avail himself of this mode of redress, he is without remedy. If the party in this case chose to rely on the advice of the justice, he must abide the consequence. If the justice misled him, as is alleged by the affidavit, he was guilty of gross misbehaviour, for which he might be, and ought to be punished; but yet the party must abide the consequence of wrong advice.

In England, the certiorari usually was applied to remove criminal cases before conviction;—but some cases of a civil nature might be removed also to the King's Bench (1, Bac. 350–1) by order of the court of chancery; but this writ was never used for the purpose of reversing a judgment of the inferior court, as a writ of error would be used in the case at bar—it is attempted to be

used as a writ of error. It is further argued, that by the constitution of the state, the circuit court has a superintending control over the justice of the peace, and having this power, they must have all the means necessary to effect the end. This control must be exercised according to the known rules of the common law, or the rules of some legislative enactment. The legislature have provided for the exercise of this power by appeal, in this mode the court can exercise [it.] It can be done in some sort by a writ of prohibition, otherwise by the common law that writ would be applicable to the case. But at common law, the writ of certiorari never was applicable to a case like the present; at least no such case has been shewn to the court, and none such is remembered by us. We therefore conclude the writ was unlawfully issued, and that the circuit court committed no error in refusing to set the justice's judgment aside. We suppose that the circuit court acted upon the principle that the writ of certiorari being improvidently issued, ought to have been dismissed.

Judgment affirmed with costs.