RIDDLE, *Plaintiff in Error* v. GILLESPIE.

**Justice's Courts:** NOTICE OF APPEAL: DEFAULT: DISMISSAL. A defendant, after the day of trial before a justice of the peace, took an appeal, but failed to give notice before the term after that to which the appeal was properly returnable. He subsequently gave notice, and at the following term, the plaintiff not appearing, had the case dismissed for want of prosecution; *Held*, that the defendant, and not the plaintiff, was in default, and the dismissal was error. The plaintiff was entitled to an affirmance.

*Error to Jasper Court of Common Pleas.*—HON. E. O. BROWN, Judge.

*Harding & Buler* for plaintiff in error.

*W. H. Phelps* for defendant in error.

NAPTON, J.—In this case an appeal was taken by the defendant from a judgment rendered against him before a justice of the peace for $10.40, on the 8th day of December, 1874. The appeal was taken on the 16th day of December, and the bond filed on the 17th, and the transcript filed with the clerk of the court of common pleas on the 20th day of January, 1875. This court held three terms a year—one in January, another in May and a third in October. On the 2nd day of September, 1875, a notice of appeal was given to A. L. Thomas, marked on the record as plaintiff's attorney. This notice was filed on the 9th day of November, 1875, and on the 13th of the same month a motion was made by the defendant's (appellant's) attorney that the case be dismissed for want of prosecution, which was sustained, and judgment entered against plaintiff (appellee) for costs. On the 15th day of November (it being the 11th day of the term) the plaintiff filed his motion to set aside this order of dismissal and reinstate the cause on the docket, which motion was accompanied with various affidavits. The plaintiff stated in his affidavit that he never had any notice of the appeal; that Thomas was not his attorney; that neither Thomas nor any one else notified him; that Weaver, who was his attorney before the justice, was, at the date of the service of the notice on Thomas, his only attorney. Mr. Buler stated that he was employed to attend to plaintiff's case on the 15th day of September, 1875 ; that he examined the record and found no notice of appeal had been given, and was informed by plaintiff that he had received none; that on the 9th, 10th and 11th days of November he applied to the clerk for the papers in the case, but was told by the clerk that they could not be found; that neither he nor his associate counsel, Harding and Weaver, were present in court when said suit was dismissed, nor had any knowl-

edge that Thomas had acknowledged service until after the dismissal. Mr. Thomas stated that at the last May term he was spoken to by Weaver to attend to the case, that he saw no notice of appeal had been given, and that, therefore, he told Weaver the case could not be tried; that Weaver then had his name entered on the docket as plaintiff's attorney; had no recollection of ever having seen the plaintiff to know him, but told Weaver that notice of the appeal had been served. Mr. Phelps, counsel for appellee, stated merely that, seeing Thomas' name on the docket, he had the notice served on him.

In the case of *Nay v. Han. & St. Jo. R. R. Co.*, 51 Mo. 577, it is said that if the appellant fail to give the notice required by the statute in cases where the appeal is not taken on the day of the judgment, before the second term or term succeeding the one to which the case is properly returnable, the appellee may appear and will be entitled to an affirmance for the continued failure of the appellant to give notice. "Such failure," observes Judge Adams, "to give the required notice before the second term is a failure to prosecute the appeal." In *Page v. A. & P. R. R. Co.*, 61 Mo. 79, Judge Wagner observes: "It is the duty of the party taking an appeal, if the same is not taken on the day of the rendition of the judgment, to give notice to the adverse party at least ten days before the first day of the term at which the cause is to be determined, and if the notice is not given before the second term thereafter it will amount to a failure to prosecute the appeal, and will authorize an affirmance of the judgment." Such seems to have been the opinion of the court in *Rowley v. Hinds*, 50 Mo. 404, in which Judge Bliss observes that "one cannot be said to prosecute according to law where he fails to bring the opposite party into court, for the appeal is not perfected without it." Now, in this case there was no notice of the appeal until the third term, and the plaintiff could, according to the cited cases, have had his judgment before the justice affirmed at the second term in

May, 1875. When the judgment at the third term was entered, in his absence, dismissing his petition, for want of prosecution, he was not in default, but 'the opposite party for not serving him with notice before the second term. Under these circumstances we do not consider it necessary to decide whether the notice to Thomas, attorney of record, was sufficient or not. It seems from the evidence that the plaintiff in the judgment had no notice, but his attorney before the justice had. We are unable to see why the plaintiff in the justice's court was not allowed to prosecute it in the court of common pleas. He did not ask to have his judgment affirmed, as he might have done at the preceding term. He merely asked to be allowed to proceed in the trial. No notification had ever been served on him of the appeal, and the evidence that Thomas was his attorney is not very satisfactory.

Judgment reversed and cause remanded. The other judges concur.

REVERSED.