J. D. MOORE, Appellant, v. G. A. BAILEY, Respondent.

December 16, 1879.

An application in the Circuit Court for *certiorari* by way of appeal from the County Court in the matter of opening a private road should be denied; and if *certiorari* be improvidently issued, it should be dismissed. Such cases are appealable, and triable *de novo*.

APPEAL from the St. Charles Circuit Court.
*Affirmed.*

McDEARMON & GAUSS, for the appellant: The issuance of the writ of *certiorari* is discretionary. — *Railroad Co.* v. *Whipple*, 22 Ill. 108; *Doolittle* v. *Railroad Co.*, 14 Ill. 381; *Railroad Co.* v. *Commissioners*, 112 Mass. 206; *The People* v. *Andrews*, 52 N. Y. 445. The Circuit Court has full power to issue the writ in this State. — *St. Louis* v.

*Sparks*, 11 Mo. 201; *Cooper* v. *Geyer*, 19 Mo. 257; *Lewis* v. *Nuckolls*, 26 Mo. 278; *Foster* v. *Dunklin*, 44 Mo. 216; *Snoddy* v. *Pettis*, 45 Mo. 361; *Anderson* v. *St. Louis*, 47 Mo. 479; *Rogers* v. *Clinton*, 60 Mo. 101; *The State ex rel.* v. *Powers*, 68 Mo. Appeal and *certiorari* are concurrent remedies, and "in many cases *certiorari* is the proper remedy to review proceedings of the County Court." — *House* v. *Clinton*, 67 Mo. 522; *Britton* v. *Steber*, 62 Mo. 370; *Railroad Co.* v. *State Board*, 64 Mo. 294; *Owens* v. *Andrew County*, 49 Mo. 372; *Ray* v. *Parsons*, 14 Texas, 370.

H. C. LACKLAND, for the respondent: *Certiorari* will not lie, there being an adequate remedy by appeal. — Wag. Stats., p. 431, sect. 2; p. 442, sect. 22; p. 1064, sect. 2; *Boren* v. *Welty*, 4 Mo. 250.

BAKEWELL, J., delivered the opinion of the court.

There was a *certiorari* sued out of the Circuit Court of St. Charles County by the appellant, directed to the County Court of St. Charles County. It appears that Bailey petitioned for the opening of a private road across the lands of Moore, to connect his lands with the Boonslick Road, and prayed for the appointment of commissioners. Objections of Moore were sustained to the first report, and the matter was recommitted to the same commissioners, who filed a report, signed by only two of their number, which they were allowed to withdraw and refile, signed by the three commissioners. A motion to dismiss the proceeding was then filed by Moore, and overruled; and Moore then filed objections to the report, which were all overruled, except as to damages. The question of damages was tried by a jury, who brought in a verdict: "We, the jury, find for the plaintiff the sum of one hundred and fifty dollars." The court thereupon made the following order: "Court establish the road, and order that the same be opened in ninety days, provided damages and costs are paid as required by law." Moore then sued out a writ of *certiorari*, on the ground that

the final judgment of the County Court was erroneous, informal, illegal, and irregular. A motion was filed by Bailey to quash the writ of *certiorari*, which does not seem to have been passed upon at the time, but the Circuit Court proceeded to try the cause, and after admitting in evidence the transcript of proceedings in the County Court, rejected all oral evidence offered by Moore as to the location of the road, the existence of another road, the inconvenience of the road established in this proceeding, and that it ran over the land of persons not made parties to the proceeding, and who had not relinquished their right of way. The bill of exceptions states that the Circuit Court then rendered judgment for the defendant. The record proper shows that the court afterwards considered the motion to dismiss, and sustained the same.

The appellant, in his brief, urges many objections to the proceedings in the County Court, and to the action of the Circuit Court in excluding evidence. But we think that the Circuit Court committed no error in dismissing the writ ; and this being so, we cannot consider the other questions which are presented in the brief of counsel for the appellant.

In *Snoddy* v. *County*, 45 Mo. 361, the Supreme Court held that, though the Circuit Court has " appellate jurisdiction from the judgments and orders of the County Courts in all matters not expressly prohibited by law," yet resort must be had to the writ of *certiorari*, and not to the ordinary form of appeal, when it is desired to review the action of the County Court in the matter of opening a road, because the manner of taking such appeal was not then expressly provided for by statute. But, since the appeal in the case just referred to, the act of January 24, 1870, was passed, providing ( Adj. Sess. Acts 1870, p. 45 ) that " in all cases of appeal from the final determination of any case in a County Court, such appeal shall be prosecuted to the appellate court in the same manner as is now provided by law

for the regulation of appeals from justices of the peace to Circuit Courts; and when any cause shall be removed into a court of appellate jurisdiction by appeal from a County Court, such appellate court shall thereupon be possessed of such cause, and shall proceed to hear and determine the same anew," etc. As the Circuit Court has appellate jurisdiction, and as the Legislature has provided for the exercise of this power by appeal, the writ of *certiorari* is no longer applicable to a case of this kind; and the writ, having been improvidently issued, was properly dismissed. *Boren* v. *Welty*, 4 Mo. 250.

While the Legislature had made provision only for the exercise of appellate power, without making any provision for a trial *de novo* in the Circuit Court, an appeal could perform nothing more than could be effected by *certiorari;* there was no provision for preserving the testimony, and in neither one case nor the other, could the superior court do more than examine errors apparent on the face of the record, without making any inquiry into matters of fact. *Lewis* v. *Nuckolls*, 26 Mo. 278; *Lacy* v. *Williams*, 27 Mo. 282. But now that the Legislature has conferred upon the Circuit Court the jurisdiction to try *de novo*, on appeal, all cases coming up from the County Court, it is manifest that such errors should be brought up in the manner provided by statute, and that an application for *certiorari* by way of appeal from a final judgment of the County Court should be denied. The writ is issued at common law to bring up summary proceedings had before inferior courts, where these proceedings are examinable on error, or, as with us, by appeal; the writ will not issue for the purposes of review. It issues for that purpose only where there is no other mode of directly reviewing the proceedings of the inferior tribunal. *Railroad Co.* v. *Morton*, 27 Mo. 318; *Doolittle* v. *Railroad Co.*, 14 Ill. 383; *The People* v. *Wilkinson*, 13 Ill. 660.

The judgment of the Circuit Court is affirmed. All the judges concur.

BAKEWELL, J., delivered the opinion of the court on a motion for a rehearing.

A motion for a rehearing has been filed in this cause, which must be overruled.

As is stated in the opinion filed, Bailey petitioned for the opening of a road through the lands of Moore. The result was an order of the County Court opening the road. From this order an appeal lay to the Circuit Court, in the same manner as provided for appeals from the judgments of a justice of the peace; and the act giving the appeal directs a trial anew in the Circuit Court. Acts 1870, p. 45. Moore applied to the Circuit Court for a *certiorari*. Bailey moved to dismiss the petition; the motion was overruled and the writ issued. A motion was filed by Bailey to quash the writ. Bailey then filed a joinder in error. Afterwards the motion to quash the writ was sustained, and Moore appealed. These facts appear from the record proper. The bill of exceptions states, amongst other things, that " defendant filed his joinder in error. The court found the issues joined for defendant, and rendered judgment in his favor."

Of these entries we could make nothing but this: that the Circuit Court, having improvidently issued the writ, took the matter under advisement; and after excluding, as the bill of exceptions shows, all oral testimony offered, reconsidered its action in issuing the writ, and quashed the proceeding.

In this we held that there was no error; because, where an appeal is given by statute, *certiorari* is not the proper method of bringing up the case for review.

Appellant contends that the whole record shows that the Circuit Court considered *certiorari* to be the proper method of bringing up the action of the County Court for review; that the writ was quashed, not because it was improvidently issued, but because the Circuit Court found no error in the proceedings; and that the quashing of the writ is, in effect, a

decision on the part of the Circuit Court that the proceedings in the County Court were regular. Appellant further contends that the Circuit Court had jurisdiction to issue the writ, and that it was properly issued ; and that the statute of 1870 changes nothing as to the method of bringing up cases from the County Court ; and that the Supreme Court, since the passage of that act, has in many cases sanctioned the resort to *certiorari* as the proper means of obtaining a review of judgments of the Circuit Court.

As to the writ itself, it may be remarked that we have no statutory regulation on the subject, except in the special case of forcible entry and detainer. In many of the States it is expressly authorized, and its limits are defined by statute ; but with us the writ is a common-law *certiorari*, and the nature and extent of the power, the cases in which it may be exercised, and the practice in proceedings of this nature are all governed, with us, by the common law. *The People* v. *Alstyne*, 32 Barb. 134. Our Circuit Courts have undoubtedly all the attributes of common-law courts, and they have authority to issue the writ (Const., Art. VI., sect. 23), and inherent jurisdiction to do so ; but if anything is certain, upon principle and authority, it is this : that the writ should not be issued where a right of appeal exists, unless there has been a usurpation of power by a denial of that right ; and where easy access to a higher tribunal is afforded by appeal, it has always been said that the courts should, in the exercise of a sound discretion, refuse the common-law writ of *certiorari*. The writ is denied, amongst other reasons, for this sufficient one : that it will not reach the merits. *Davis County* v. *Horn*, 4 Greene (Iowa), 94 ; *Wood* v. *Randall*, 5 Hill, 269 ; *Whitney* v. *Delegates, etc.*, 14 Cal. 499 ; *Peltry* v. *Jones*, 1 Ired. L. 408 ; 13 Ill. 660. The office of a common-law *certiorari*, unaffected by any statute, is, not to review erroneous legal decisions, but to set aside proceedings for want of jurisdiction ; and though it may be the substitute for an appeal, when not allowed by

law, or when improperly denied, and has been so applied in this State, yet the doctrine in Missouri from the first has been, in accordance with the uniform decisions in England and America, that it ought never to be allowed where provision is made for an appeal. The earliest case in Missouri is *Boren* v. *Welty*, 4 Mo. 251. " It seems to be admitted on all sides," says Judge McGirk, delivering the opinion of the court, " that the proceeding of the justice was grossly irregular and erroneous. But we are told in argument that the Circuit Court refused to set the proceedings aside on the ground that the *certiorari* had improvidently issued, and the party failed to make out his case by proof; this may be so. * * * Welty now argues that the Circuit Court has no power to issue a *certiorari* to bring up proceedings had before a justice, after a trial had before him. We think this view of the subject is correct. * * * It is further argued that, by the Constitution of the State, the Circuit Courts have a superintending control over the justices of the peace, and having this power, they must have all means necessary to effect the end. This control must be exercised according to the known rules of the common law, or the rules of some legislative enactment. The Legislature have provided for the exercise of this power by appeal; in this mode the court can exercise it. But, at common law, the writ of *certiorari* never was applicable to a case like the present. We therefore conclude the writ was unlawfully issued, and that the Circuit Court committed no error in refusing to set the justice's judgment aside. We suppose that the Circuit Court acted upon the principle that the writ of *certiorari*, being improvidently issued, ought to have been dismissed."

This case has never been reversed or questioned, and is undoubtedly law in Missouri at this day. The concluding sentences quoted above are peculiarly applicable to the contention of appellants, that the whole record in the present case shows that the Circuit Court sustained the propriety of

issuing the writ, and erroneously decided the cause on the merits in favor of defendant. We are not to presume that the Circuit Court committed error. It does not appear that it passed upon the motion to quash the writ until after it had heard the cause. After the writ has been allowed, the court may then, upon hearing, dismiss the writ as improvidently issued. *The State* v. *Hudson*, 5 Dutch. 116. It is clear that the writ was improvidently issued in this case ; and as it was dismissed, we ought to presume that it was dismissed on that ground. Appellants seem to contend that the dismissal of the writ after a hearing was equivalent to a declaration on the part of the Circuit Court, not that it had been improvidently issued, but that there was no error or irregularity in the proceedings of the County Court ; but this is not so. Even had the court passed upon the motion to quash, and overruled it, the matter being still in the breast of the court, it might, at the close of the hearing, have dismissed the writ ; and as the writ should not have been issued, it was its duty to do so.

Appellants urge that since the passage of the act of 1870 providing for appeals from final determination of any case by the County Courts, such proceeding have been brought up to the Circuit Court by *certiorari*, with the approval of the Supreme Court. And they cite some cases in support of this position ; but the cases cited do not seem to be in point. *House* v. *Clinton County Court*, 67 Mo. 522, was a case of petition for relief from assessment, in which it is clear that no appeal lay. *Britton* v. *Steber*, 62 Mo. 370, was an attempt to bring before the Supreme Court by *certiorari* a case involving title to an office not under the State, in which this court had final jurisdiction. The Supreme Court decides that it has no jurisdiction to review by *certiorari* the decisions of this court. The last case cited is *Owens* v. *Andrew County*, 49 Mo. 372. It was a proceeding against a county treasurer for the sum found by the County Court to be due by him on settlement, together with the statu-

tory penalty. A doubt is intimated whether an appeal would lie in the case. If the treasurer ever had a right of appeal, it is decided that he had lost it; and, as appears by the report of the case in 46 Mo. 386, the judgment was rendered long before the passage of the act of 1870.

We are not aware that the question as to the right to sue out a writ of *certiorari* from judgments of the County Court in cases in which provision is made for an appeal in the statute of January 24, 1870, has ever been called to the attention of the Supreme Court.

For reasons that seemed satisfactory to us, we have departed in this case from our usual practice, of not assigning reasons for overruling a motion for a rehearing. The motion for a rehearing is overruled. Judge HAYDEN concurs; Judge LEWIS is absent.