J. G. COOKSEY, Respondent, *v.* THE KANSAS CITY, ST. JO. & COUNCIL BLUFFS R. R. Co., Appellant.

March 23, 1885.

1. JURISDICTION—JUSTICE'S COURT—CONSTRUCTION OF SECT. 2862 OF RE-VISED STATUTES OF 1879.—By section 2862, article III, chapter 44 of the Revised Statutes, 1879, relating to justice's court, the justice is expressly authorized to deputize other person than the constable to execute process at the request and risk of the plaintiff. The statute only requires that the mind of the justice shall be satisfied of the necessity of this deputation (and no recital of "want of an officer" is required), and the same section, in effect, declares how he shall evidence this fact by prescribing that he shall indorse the appointment on the writ. This indorsement on the writ carries with it more than a mere implication that the justice's mind was satisfied. It is the record evidence of the fact.

2. PRACTICE—APPEAL FROM JUSTICE'S COURTS—FAILURE TO GIVE NOTICE OF APPEAL, CONSEQUENCES OF.—The statute conferring the right of appeal from justice's courts to the circuit court expressly prescribes (by section 3055, Revised Statutes, 1879) that, "if the appeal be not allowed on the same day on which the judgment is rendered, the appellant shall serve the appellee, at least ten days before the first day of the term at which the cause is to be determined, with a notice in writing, stating the fact that an appeal has been taken from the judgment therein specified." It is further prescribed (by section 3057 of same Statutes) that, "if the appellant shall fail to give such notice, at least ten days before the second term of the appellate court after the appeal is taken, the judgment shall be *affirmed* or the appeal dismissed at the option of the appellee." Where the fact of failure of appellant to give such notice appears, the duty is mandatory on the circuit court to affirm the judgment of the justice, or to dismiss the appeal. But the appellee may waive the omission by a voluntary appearance to the merits. See *Rowley* v. *Hinds*, 50 Mo. 403 ; *Brownsville* v. *Rembert,* 63 Mo. 393 ; *Riddle* v. *Gillespie,* 67 Mo. 627.

3. SAME—STATUTE OF LIMITATIONS, PLEA OF NOT AVAILABLE WHEN AP-PEAL NOT PROSECUTED WITH EFFECT IN CIRCUIT COURT.—It is not enough in order to overthrow a judgment of the circuit court affirming a judgment of a justice's court when notice of appeal to circuit court was not given, that the petition filed in the justice's court shows on its face that the cause of action was barred by the statute of limitations. To avail himself of this in the circuit court, he must *bring the opposite party there* by complying with the statute, and plead the statute or file a motion to dismiss the cause, or in case of a trial *de novo* in the circuit court ask an in-

struction covering the point.   If he fails to prosecute his appeal, he is not in a situation to raise the question in the circuit court. Following *Revelle* v. *R. R. Co.*, 74 Mo. 438.

4. SAME—PLEADING—MOTION IN ARREST OF JUDGMENT—GROUNDS MUST BE SPECIFIC—CASE ADJUDGED.—It is not sufficient, in this case, to interpose the bar of the statute of limitations by a motion in arrest of judgment, after an affirmance of the judgment of the justice because the appeal was not prosecuted with effect, on the ground "that the petition (before the justice) failed to state facts sufficient to constitute a cause of motion." Even if this defect (in the petition) could be reached through such a action, under the facts of this case, being general and not specific it was not sufficient to raise this issue.   This being a suit instituted in a justice's court, and there being no answer required, the defendant, if he would take advantage of the lapse of time, should have duly prosecuted his appeal and raised the bar by motion or instruction. —See *State ex rel. Statney* v. *Spencer*, 79 Mo. 314.

APPEAL from Holt Circuit Court, HON. H. S. KELLY, Judge.

*Affirmed.*

Statement of the case by the court:

This action was instituted in a justice's court to recover damages alleged to have been done plaintiff's mule by the cars of defendant.   The statement filed in the justice's court showed, among other matters, that the injury was done on the 18th day of May, 1877; that the action had been pending in the Holt county circuit court since the 10th day of August, 1877; that at the January term of said court for 1878, the plaintiff recovered judgment therein, which judgment, on appeal, was reversed by the Supreme Court, and the cause remanded; and that at the January term, 1882, of said circuit court, the plaintiff dismissed said action.   The present suit was brought on the 13th day of March, 1882.

On the summons issued by the justice in this action he made the following indorsement:   "At the request and risk of plaintiff, I deputize Squire Carter to serve the within writ.      M. V. DUNN, Justice of the Peace."

The defendant suffered a default in the justice's court, and after an ineffectual motion to set same aside, it duly prosecuted its appeal to the circuit court.   At the second

term of the circuit court thereafter, the defendant having failed to give plaintiff the statutory notice of the taking of the appeal, the appeal having been taken after the day of the rendition of the judgment, the plaintiff, the appellee, filed motion to affirm the judgment of the justice. Thereafter, and during the pending of plaintiff's said motion, the defendant filed motion to dismiss the cause, alleging as ground therefor, because the court had no jurisdiction of the person of the defendant. The Court sustained the motion of plaintiff, and affirmed the judgment of the justice, and refused to entertain defendant's motion to dismiss the cause. Thereupon defendant filed motion in arrest of judgment, alleging therein, that the court had not jurisdiction of the person of defendant; that the petition failed to state facts sufficient to constitute a cause of action; and because it alleged facts showing that plaintiff had no cause of action; and because the court erred in refusing to sustain defendant's motion to dimiss.

This motion being overruled, the defendant prosecuted its appeal to the proper court.

STRONG & MOSMAN, for appellant.

I. In this case judgment, by default, was rendered against defendant by a justice of the peace. Defendant filed its motion for a new trial, alleging want of jurisdiction of its person and the subject matter, which was overruled and defendant appealed to the circuit court. In the circuit court the defendant filed its motion to dismiss, which the court disregarded and affirmed the judgment of the justice. Defendant filed its motion in arrest of judgment, which was overruled and final judgment rendered against it, from which judgment it appealed to this court.

II. In courts of general jurisdiction a default admits all the traversable allegations of the petition well pleaded (38 Mo. 146), but a default does not admit that those facts constitute a cause of action.—*Madison Co.* v. *Smith*, 95 Ill. 328; *Weil* v. *Green County*, 69 Mo. 289.

III. Appellant urged in its motion in arrest of judg-

ment: 1. That upon the record said judgment is erroneous. 2. That the petition failed to state facts sufficient to constitute a cause of action. 3. That the petition alleged facts showing that plaintiff had no cause of action. If these objections are well founded this cause must be reversed.—*State* v. *Matren,* 38 Mo. 489; 62 Mo. 171. "A party by not raising the objection cannot give the court jurisdiction over matters where it is forbidden by law; *nor will a judgment be rendered, or be allowed to stand where it is clear from the statement of the party that he is not entitled to it.*"—Bliss on Pleading, sect. 435; *Weil* v. *Green County,* 69 Mo. 286; *Miller* v. *Davis,* 50 Mo. 572. Here the date of the injury is distinctly stated.

IV. As to the specially pleading of the statute (of limitations) we say, that in justice's courts the proceedings throughout are summary without the forms of pleadings, and precision and conformity to rigid rules of pleadings cannot be invoked in regard to such proceedings.—*Kruse* v. *Hagedorn,* 50 Mo. 576; *Thurston* v. *McClanahan,* 5 Mo. 521. In trials before a justice, the defendant is presumed to plead the general issue.—*Read* v. *Snodgrass,* 55 Mo. 80; *Bank* v. *Williamson,* 61 Mo. 59; *Mitchell* v. *Fullbright,* 32 Mo. 551; *Revelle* v. *R. R. Co.,* 74 Mo. 438.

V. The operation of this section of the statute (1710 Rev. Stat. 1879) is different from that of the general limitation law in an ordinary civil case. Here this statute when "it affects a right of action operates simply as a blight, as it were, upon its recoverable energy. It matters not whether the demand has been previously paid or not, the statute *destroys forever* upon the last day of the allotted period its vitality in a court of justice."—*County* v. *Harbeson,* 58 Mo. 95.

VI. Upon the record the judgment is erroneous. The summons stated the demand to be 150 dollars. The judgment was for 300 dollars. The service of summons was by a special constable;—a justice has no general power of appointing special constables. He is required to keep a record of his proceedings. He can only

appoint for want of an officer, and this does not appear. The jurisdiction of justices will not be presumed.— *McCloon* v. *Beattie*, 46 Mo. 391; *McCoy* v. *Zane*, 65 Mo. 11.

VII.   Defendant, *by limiting its appearance in its motion* and on said motion being overruled taking the case by appeal to the circuit court, did not voluntarily enter its appearance.—*Blunt* v. *R. R. Co.*, 55 Mo. 157.

JAMES LIMBIRD, for the respondent.

I.   The record as presented by appellant shows : 1. That judgment by default was rendered by the justice against appellant, March 25, 1882.  That an appeal was taken by appellant, and appeal filed in circuit court March 28, 1882, more than ten days prior to the April term of the Holt county circuit court.   2. That appellant failed to give notice of appeal before the second term, August term, 1882, after the appeal was taken, of said Holt county circuit court.    On motion of appellee, the circuit court affirmed the judgment of the justice, from which an appeal was taken to this court.

II.   The petition is good and sufficient.—77 Mo. 254; *Terry* v. *Mo. Pac. R. R. Co.*, 77 Mo. 362; *Kronskios* v. *Mo. Pac. R. R. Co.*, 77 Mo. 591; *Chubback & Hunt* v. *H. & St. Jo. R. R. Co.*;   section 3299, Revised Statutes, Mo. 1879; *Revelle* v. *St. L., I. M. & S. R. R.*, 74 Mo. 438.

III.   The taking of appeal from the justice to the circuit court waived every and all irregularities before justice's court.—*Boulware* v. *Chicago & Alton R. R.*, 79 Mo. 494; *Grant* v. *Chicago & Alton R. R.*, 79 Mo. 502; *Fitterling* v. *Mo. Pac. R. R.*, 79 Mo. 594.

IV.   The appellant obtained no standing in the circuit court, because of its negligence, and judgment was rightfully affirmed by the circuit court; see sect. 3059, Revised Statutes; *Rowley* v. *Hinds*, 50 Mo. 579; *Nay* v. *Hann. & St. Jo. R. R.*, 51 Mo. 579; *Page* v. *A. & P. R. R.*, 61 Mo. 78; *Schindler* v. *Givens et al.*, 63 Mo. 393; *Riddle* v. *Gillespie*, 67 Mo. 627; *Parmerlee* v. *Williams*, 71 Mo. 410; and appellee has acquired no standing in this court. · Judgment ought to be affirmed and with

justice to respondent, ten per cent. damages ought to be given.　See section 3779, Revised Statutes of Mo., 1879.

Opinion by PHILIPS, P. J.

I am unable to perceive what standing the defendant has in this court to have reviewed the imputed errors raised by it on this appeal.　The justice's court had jurisdiction of the subject matter.—Rev. Stat., sect. 2835. The only objection urged by defendant against the jurisdiction of the justice over the person of defendant, is as to the qualification of Carter, the special deputy, to serve the summons.　Carter was not a constable or deputy constable.　But by section 2862, Revised Statutes, the justice is expressly authorized to deputize other person than the constable to execute such writ, at the request and risk of the plaintiff.

It is claimed, however, by defendant, that while this is true, yet the statute says the justice may do so when he is "satisfied that such process will not be executed for want of the officer to be had in time to execute the same;" and appellant's contention is that this is in the nature of a jurisdictional fact, which the justice's docket must affirmatively show.

We do not think this position tenable.　The statute only requires that the mind of the justice shall be satisfied of the necessity of this deputation; and the same section, in effect, declares how he shall evidence this fact, by prescribing that he shall endorse the appointment on the writ, as was done in this case.　This endorsement on the writ carries with it more than a mere implication that the justice's mind was satisfied.　It is the record evidence of the fact.

It follows that the justice had jurisdiction over both the subject matter of litigation and of the person of the parties.　Having such jurisdiction its judgment is no more void than that of any other court of competent jurisdiction; and would not be liable to collateral attack. —*Jeffries* v. *Wright*, 51 Mo. 215.

The utmost, therefore, which can be alleged against the

judgment of the justice is that it was erroneous. The question then occurs: how is the party against whom the error was committed to correct the wrong? We answer: it is by appeal from that judgment to the court having appellate jurisdiction, and not otherwise. It was early decided by the Supreme Court, in *Boren* v. *Welty* (4 Mo. 250), that the circuit court has no jurisdiction, after trial in justice's court, to issue a writ of *certiorari* to bring up the proceedings for review. The statute having specifically provided the remedy by appeal, it is exclusive. When thus appealed the circuit court becomes possessed of the cause and proceeds to hear the same *de novo*.

The defendant took his appeal properly enough; and thereby the circuit court acquired jurisdiction over the subject matter. But as a prerequisite and essential to the exercise of jurisdiction by the circuit court over the person of the appellee, the statute conferring the right of appeal (Rev. Stat., sect. 3055) expressly prescribes that: "If the appeal be not allowed on the same day on which the judgment is rendered, the appellant shall serve the appellee, at least ten days before the first day of the term at which the cause is to be determined with a notice in writing, stating the fact that an appeal has been taken from the judgment therein specified."

This appeal was not taken on the day on which judgment was rendered. Section 3057, Revised Statutes, then declares, that "if the appellant shall fail to give such notice at least ten days before the second term of the appellate court, after the appeal is taken, the judgment *shall be affirmed*, or the appeal dismissed, at the option of the appellee." The defendant failed to give this notice, and the appellee, in due form and time, made his election and motion for affirmance. The fact of failure by appellant to give such notice appearing, and being undisputed, the duty was mandatory on the circuit court to affirm the judgment of the justice. It had no discretion nor right to proceed to render any other judgment than the one it did give. The notice to the appellee is necessary to bring him into the circuit court; without which

the court would have no jurisdiction to adjudicate upon the case, otherwise than as pointed out in said section 3057, unless the appellee shall waive the omission by a voluntary appearance to the merits. Bliss, J., in *Rowley* v. *Hinds et al.* (50 Mo. 403), says: "I can see no reason for forbidding a dismissal of the appeal at the first term, unless for the purpose of permitting the appellee to be *brought in* by subsequent notice. But, however this may be, he may appear for the purpose of taking advantage of a failure on the part of the appellant to prosecute his appeal, and may then insist that it be dismissed, or may ask for an affirmance under the statute. * * * The requirement to prosecute should have a broader significance than an obligation merely to file a transcript. One cannot be said to prosecute according to law, where he *fails to bring the opposite party into court, for the appeal is not perfected without it.*"—See also *Town of Brownville* v. *Rembert,* 63 Mo. 393, and *Riddle* v. *Gillespie,* 67 Mo. 627.

It logically and legally follows, therefore, that when the plaintiff appealed from that judgment of affirmance, the only error properly arising on the record for review in this court is: did the circuit court err in affirming the judgment of the justice? "No exception shall be taken in an appeal or writ of error to any proceedings in the circuit court, except such as shall have been expressly decided by such court."—Sect. 3774, Rev. Stat.

There was no error in the action of the circuit court in affirming the judgment of the justice, for the reason that the statute makes it the imperative duty of the circuit court to do this, under the circumstances disclosed by this record.

The chief ground of objection made by defendant in this court to the judgment below is, that the petition filed in the justice's court shows on its face that the cause of action was barred by the statute of limitation. Conceding that to be true, the difficulty still presents itself: how can the appellant have this question adjudicated in the circuit court when he has failed to bring the appellee

into that court for any such purpose? He might have raised that question there, had he prosecuted his appeal; but he did not prosecute his appeal, but allowed it to go by default, thereby entitling the appellee to have his judgment affirmed.

And even if it were conceded that the statute of limitations was in the way of plaintiff's recovery, the question would still arise: has the defendant so presented that issue to the judgment of the lower court as to have its action reviewed here?

Whatever may have been held by other courts touching this issue, our Supreme Court, in *Revelle* v. *St. L. I. Mt. & S. Ry. Co.* (74 Mo. 438), have, as we understand the decision, held that this defendant is not in a situation to avail himself of this fact. It is true that in that case the petition did not give the precise date of the accruing of the cause of action; but it is apparent, from the other allegations of the petition, in pleading matter in excuse for the delay in bringing the action, that the statutory period had elapsed. The court held that, from aught that appears, the objection to the insufficiency of the petition may have been supplied in the proof in the justice's court: "Besides even if we admit that the statement shows upon its face that the statutory bar existed to plaintiff's action, the proper course for defendant to have pursued was either to have pleaded the statute, or to have filed a motion to dismiss, or, if the cause had been tried *de novo* in the circuit court, to have asked an instruction covering the point."

Now as the defendant did not appear to the merits of the action, did not prosecute his appeal at all, and therefore had not brought the appellee into the circuit court, he was not even in a situation to have raised the question by plea, motion, or instruction. And this record, on the contrary, shows that although the defendant did file his motion in the circuit court to dismiss the action, which was out of time, as the motion for affirmance had precedence, he did not suggest that the action was barred. The only ground of his motion was, "the court had no jurisdiction of the person of this defendant."

So that it affirmatively appears that defendant has not brought himself within the rule laid down by the Supreme Court of this state. The constitutional amendment (sect. 6, p. 216, Laws Mo., 1883) expressly declares that "the last previous rulings of the Supreme Court on any question of law or equity shall, in all cases, be controlling authority in said courts of appeal."

As the ruling in *Revelle* v. *Ry.*, *supra*, is the last utterance of the Supreme Court of this state touching the question under consideration, we are bound by it.

It follows that the judgment of the circuit court must be affirmed. All concur.

On motion for rehearing:

Opinion by PHILIPS, P. J.

The appellant insists in the motion for rehearing that, while it is true it did not raise the question of the statute of limitation in the motion to dismiss the action, nor otherwise interpose this defense prior to the judgment of affirmance, yet, it did raise this question in the motion in arrest of judgment, and that this was sufficient to present that issue on this appeal. The motion in arrest is as follows:

"Now comes the defendant and moves that the court do arrest the judgment herein, and for cause says that upon the record said judgment is erroneous.

"That the judgment is not responsive to the issues made by the pleadings.

"That the court had no jurisdiction of the person of this defendant.

"That the petition failed to state facts sufficient to constitute a cause of action. That the petition alleged facts showing that plaintiff had no cause of action.

"That the court erred in refusing to consider defendant's motion to dismiss for want of service of summons."

From which it is apparent that the only specification under which the appellant can possibly claim the question of the statute of limitation was raised is: "that the petition failed to state facts sufficient to constitute a cause of action."

This was not sufficient. This question, we think, is definitely settled against appellant's contention in *State ex rel. Matney* v. *Spencer* (79 Mo. 314). The Supreme Sourt there hold, that even where the statute creates an absolute bar to the cause of action, and it appears on the face of the petition that the limitation has run, the defendant cannot raise this question by general demurrer. He must raise it, if on demurrer, by special demurrer, specifying that particular defect. It must follow, logically, that the motion in arrest, even if it were conceded that this defect could be reached through such a motion, being general and not specific, was not sufficient to raise this issue.

We reiterate what is stated in the opinion, that the rule in this state is, that a party can only avail himself of the benefit of the statute of limitation as a defence, in this character of action, by specially pleading it in some form or other at the trial; and if he fails so to do he is deemed to have waived the privilege. This being a suit instituted in a justice's court, and there being no answer required, the defendant, if he would take advantage of the lapse of time should have duly prosecuted his appeal, and raised the bar by motion or instruction. But he did neither. And at no time nor at any stage of the proceedings in the lower court did he present this question for the determination of the trial court. Its appeal is utterly without merit.

All the judges concurring, the motion for rehearing is denied.