E. P. HOLDRIDGE, Respondent, v. JOHN W. MARSH,. Appellant.

St. Louis Court of Appeals, December 20, 1887.

1. PRACTICE—DISMISSAL BY PLAINTIFF, AFTER APPEAL FROM JUSTICE'S · COURT.—A plaintiff, having appealed from the judgment of a justice, may, in the circuit court, dismiss his cause ; and this right will not be affected by the fact that the court has previously dismissed the appeal for want of prosecution, which dismissal was · subsequently set aside on the plaintiff's motion.

28  283
54   16
28  283
88  387

2. —— APPEAL— NOTICE, EFFECT OF FAILURE TO GIVE.— An omission by the appellant from a justice's judgment to give proper notice of his appeal creates no failure of jurisdiction, but only a · failure to prosecute the appeal.

3. —— NON-SUIT, NO APPEAL FROM, NOR FROM REINSTATEMENT.. A defendant cannot appeal from a voluntary non-suit, nor from a · reinstatement of the cause after dismissal.

APPEAL from the St. Louis Circuit Court, HON.. DANIEL DILLON, Judge.

*Appeal dismissed.*

J. W. COLLINS, for the appellant: The court below· erred in setting aside and vacating the order, affirming. the judgment of the justice, as no notice of appeal had been given by respondent to appellant, and more than. two terms of the circuit court had elapsed between July 12, 1886, when the appeal was taken from the justice by respondent, and December 13, 1886, when the court. below affirmed the justice's judgment. Rev. Stat., secs. 3055, 3056, and 3057 ; *Cooksey v. Railroad,* 17 Mo. App. 132 ; *Rowley v. Hinds,* 50 Mo. 403 ; *Nay v. Railroad,*. 51 Mo. 577 ; *Page v. Railroad,* 61 Mo. 78 ; *Town v. Rembert,* 63 Mo. 393 ; *Riddle v. Gillespie,* 67 Mo.. 627 ; *Dooley v. Railroad,* 83 Mo. 103. The court below erred in making an order dismissing the case from the circuit. court, and such an order is null and void, as the court

had no jurisdiction in the case for any purpose, except to dismiss the appeal or affirm the judgment of the justice. Rev. Stat., secs. 3055, 3056, and 3057; *Cooksey v. Railroad*, 17 Mo. App. 132; *Lee v. Kaiser*, 80 Mo. 435; *Rowley v. Hinds*, 50 Mo. 404.

F. M. Estes, for the respondent: Rulings which involve a mere exercise of judicial discretion cannot be reviewed on appeal, unless the discretion has been plainly abused. *St. Louis v. Murphy*, 24 Mo. 41; *Dalton v. Mowry*, 49 Mo. 164. The court had the right to set aside its order of affirmance. *Dalton v. McCaffery*, 20 Mo. App. 61.

Thompson, J., delivered the opinion of the court.

In this case the defendant recovered a judgment before a justice of the peace, and the plaintiff appealed to the circuit court. The justice's judgment was rendered on the eighth day of July, 1886, and the appeal was taken on the twelfth day of July, 1886. We judicially know the terms of the circuit court of the city of St. Louis, and know that the term of that court to which this appeal was returnable was the October term, 1886. During the following term, namely, the December term, 1886, the defendant appeared in the circuit court for the purpose only of moving to affirm the judgment, and moved for such an affirmance, on the ground that no notice of the appeal had been given at least ten days before the December term, 1886, as required by Revised Statutes, section 3057; which motion the court granted. Thereafter, at the same term, the plaintiff moved the court to set aside the judgment of dismissal and to reinstate the cause; and filed in support of his motion an affidavit, the substance of which was, that he had omitted to give notice of the appeal because an agreement had been made between him and the defendant for the compromise and settlement of the subject of the action, which agreement the defendant had not kept. This motion was opposed and a counter-affidavit filed by

the defendant, which brought out a supplementary affi-
davit on the part of the plaintiff's attorney. Upon the
showing thus made, the court reinstated the cause, and
thereafter the court allowed the plaintiff voluntarily to
dismiss his suit; and from this order of dismissal the
defendant prosecutes this appeal.

Undoubtedly, the defendant was entitled to have
the judgment affirmed by reason of the failure of the
plaintiff to give him notice of the appeal, as required
by the statute, unless he had waived such notice. *Cook-
sey v. Railroad*, 17 Mo. App. 132, and cases cited.
Whether what had been done by the defendant was
tantamount to a waiver of notice of the appeal was a
question which the circuit court had jurisdiction to de-
cide. The court had power—considered in the mere
sense of jurisdiction—to vacate its order affirming the
judgment and to reinstate the cause ; and when it exer-
cised this power the cause stood upon its docket for
further proceedings, although it may have exercised its
power erroneously. The failure of the appellant in such
a case to give notice of the appeal is not regarded as a
failure to do something which is necessary to be done
before jurisdiction shall attach in the circuit court; but
it is regarded merely as a failure to prosecute his appeal.
*Riddle v. Gillespie*, 67 Mo. 627 ; *Nay v. Railroad*, 51
Mo. 577 ; *Page v. Railroad*, 61 Mo. 79. It follows that,
at the time when the plaintiff made his motion to be
allowed to dismiss his cause, the circuit court had juris-
diction of the cause for the purpose of allowing that
motion. The effect of the appeal was to vacate entirely
the judgment of the justice ; the right of the appellant
to dismiss his appeal remained to him ; and the circuit
court was the only court in which that right could
be exercised. The decision of the Supreme Court, in
*Lee v. Kaiser* (80 Mo. 431), is distinctly to the effect
that, under such circumstances, the plaintiff has a right
to take a voluntary non-suit or to dismiss his suit.

The plaintiff having such a right, we know of no
principle on which the defendant can appeal from his

action in exercising it. He is not aggrieved by it, in the sense of the statute (Rev. Stat., sec. 3710) allowing an appeal. It is a general rule of law that no appeal will lie from a voluntary non-suit (*Chouteau v. Rowse*, 90 Mo. 191); and it can make no difference whether such an appeal is attempted to be prosecuted by the plaintiff or by the defendant. The plaintiff cannot appeal from such a judgment of non-suit, because it is his own voluntary act; the defendant cannot appeal from it, because he is not aggrieved by it within the meaning of the statute allowing appeals. Nor can he appeal from the order reinstating the cause, for that is not a final disposition of the cause.

To the ruling of the circuit court, in setting aside its judgment of affirmance and reinstating the cause, the defendant took a bill of exceptions. If, thereafter, the plaintiff had prosecuted the cause to a judgment in his favor in the circuit court, and the defendant had appealed from that judgment to this court, his exceptions would be before us for review; but, as it is there is nothing before us for review, and the appeal must be dismissed.

It is so ordered. All the judges concur.