THE STATE *ex rel.* D. L. GRIFFITH *et al.*, Appellants, v. MILTON BOWERMAN *et al.*, Respondents.

**St. Louis Court of Appeals, April 15, 1890.**

1. **Appeal: PROHIBITION.** An appeal does not lie from the judgment of a lower court denying a writ of prohibition.

2. **Prohibition.** A writ of prohibition should not issue when the applicant has an adequate remedy by *certiorari*.

3. **Local Option: VALIDITY OF ELECTION.** An election under the local-option act is invalid, if it be held within sixty days of a municipal election, though the latter election was had without sufficient notice.

*Appeal from the Greene Circuit Court.*—HON. W. D. HUBBARD, Judge.

APPEAL DISMISSED.

*Geo. S. Rathbun,* and *C. V. Buckley,* for the appellants.

*F. S. Heffernan*, for the respondents.

THOMPSON, J., delivered the opinion of the court.

Two resident citizens of Springfield, Greene county, in this state, applied to the circuit court for a writ of prohibition, restraining the judges of the county court of that county from issuing certain dramshop licenses. After a preliminary order to show cause, a return and answer, and various other proceedings, which need not be set out, including a hearing on the merits, the respondents filed a motion to quash the proceedings, on various grounds, which we do not deem it material to state. This motion the court sustained, and rendered a final judgment denying the writ of prohibition. From this judgment the relators appeal to this court.

We are bound to consider at the outset, and of our own motion, whether we have jurisdiction of the appeal, since, if we have not, the mere silence of the parties on the question, or even their consent, cannot give it. It was held by the House of Lords in the case of the *Bishop of St. David's v. Lucy*, 1 Ld. Raym. 545, that a writ of error does not lie to the King's Bench to reverse a judgment of that court denying a writ of prohibition. It was held in *Free v. Burgoyne*, 5 Barn. & Cres. 765, that a writ of error in such a case would not lie in the Court of Exchequer Chamber, such a remedy not having been given by statute. On the contrary, the recognized remedy in England, where a writ of prohibition is denied, seems always to have been to apply to another court having power to issue it. In *Lindo v. Rodney*, 1 Doug. 620, note, Lord MANSFIELD said that the relator could in such a case renew his application in every court in Westminster Hall. Commenting on these authorities Mr. Lloyd, in his modern work on the writ of prohibition, comes to the conclusion "that the only remedy, when a rule is discharged, is by an application to another court." Lloyd on Prohibition, 59.

VOL. 40—37

Our statute giving the right of appeal provides that "every person aggrieved by any final judgment or decision of any circuit court in any civil cause   *   *   * may make his appeal," etc.   This statute limits the right of the person, who may appeal, to "any person aggrieved;" but, in the opinion of this court, it was not intended to give a right of appeal where a right to prosecute an appeal or writ of error did not exist under the systems of remedial justice existing in England and in this state prior to the adoption of our code of procedure. As, under those systems, a mere refusal to issue a writ of prohibition against an inferior judicatory was not subject to appellate review, we take it that the statute was not intended to give appellate jurisdiction in such a case.

The remedy of the party aggrieved, if he has any right, would then be to apply to this court or to the supreme court for a new writ of prohibition, by analogy to the proceeding in cases of *habeas corpus*.   But, in order to save vexation and expense to the parties, we go so far as to intimate to them that it will be useless for them to apply for such a purpose to this court, as we are clearly of opinion that this is not a case for a prohibition for two reasons :   *First*.   There is an adequate remedy by *certiorari* in behalf of any one who has any remedy at all.   *Second.*   The mere fact that the municipal election, which was held within sixty days of the local-option election, may have been irregular for want of sufficient notice, does not make it void so as to validate the local-option election ; nor can its validity be collaterally tried in this proceeding, it having been ordered and held in a case allowed· by law and by officers authorized by law.

We do not wish to be understood as expressing a doubt that an appeal lies from a final judgment *grant-ing* a writ of prohibition.

This appeal will be dismissed.   It is so ordered.   All the judges concur.