## STATE EX REL. JAMES DAUGHERTY et al., Relators, v. JAMES HICKMAN, Respondent.

**Kansas City Court of Appeals, July 2, 1900.**

**Prohibition:** CERTIORARI: ADEQUATE REMEDY. Prohibition will not lie where there is an adequate remedy by *certiorari*.

*Original Proceeding.*

WRIT DENIED.

*Scarritt, Griffith* and *Jones* for relators.

*Frank L. Forlow* and *W. R. Robertson* for defendants.

Plaintiffs having an adequate remedy by *certiorari* the writ of prohibition should not issue. State ex rel. v. Bowerman, 40 Mo. App. 576.

*Per Curiam.*—The respondents are justices of the county court of Jasper county in this state and the relators are citizens of Webb City—a city of the third class situate in said county. This is an original proceeding for a writ of prohibition to restrain said justices from issuing a certain dramshop license.

The relators first made application to the judge of the circuit court of said county for the writ, which was refused; and thereupon an application was made by them to one of the judges of this court, and thereupon a preliminary writ was issued. A return to the writ has been made by respondents by which the facts alleged in the writ have been put in issue.

We must decline to notice the issues thus made or the various questions of statutory construction which are supposed to arise therein, and which have been discussed in the

briefs of counsel, for the reason that the case presented is not one for prohibition. If the county court shall grant the license to keep the dramshop applied for and in doing so it shall act in excess of its jurisdiction, as the relators claim will be the case, then the remedy of *certiorari* will be open to them.

It was declared in State ex rel. Griffith v. Bowerman, 40 Mo. App. 576, a case quite similar to this, that prohibition will not lie where there is an adequate remedy by *certiorari* in behalf of any 'one who has any remedy at all. State ex rel. v. County Court, 45 Mo. App. 387; Moore v. Bailey, 8 Mo. App. 156; Railway v. Morton, 27 Mo. 318; Railway v. Young, 96 Mo. 39.

It follows therefore that the preliminary writ was improvidently issued and it must accordingly be dismissed.