JAMES HAGGARD, Respondent, *vs.* ATLANTIC AND PACIFIC RAIL-
ROAD COMPANY, Appellant.

1. *Justice's court—Killing of stock—Township not shown by statement—amend-
ment—Venue—Jurisdiction.*—In suit begun before a justice of the peace for
the killing of stock, where the statement fails to show in what township the
killing took place, the omission is not cured by the fact that the writ shows
the township wherein the defendant is served and the justice presides, and in
which the cause is made triable. In such case no jurisdiction appears and the
defect cannot be supplied by an amended statement.

2. *Jurisdiction of courts of inferior jurisdiction must appear.*—The jurisdiction
of courts of inferior and limited power must somewhere appear on the face
of the proceedings, otherwise their acts are void.

*Appeal from Franklin Circuit Court.*

*J. N. Litton,* for Appellant, cited:   Hansberger vs. Pac. R.
R. 43 Mo. 196 ; Iba vs. H. & St. Joe. R. R. Co., 45 Mo. 470.

*John R. Martin,* for Respondent.

The writ shows that the action was commenced in the township
and county wherein the killing occurred. This is sufficient.
It is not necessary that either the statement or transcript of the
justice should do so.   (Hansberger vs. Pac. R. R., 43 Mo. 196 ;
Iba vs. Hann. & St. Joe. R. R. Co., 45 Mo. 469, particularly
concluding portion of opinion on page 475.)

SHERWOOD, Judge, delivered the opinion of the court.

The complaint filed with the justice is in this form:

Plaintiff states that on the morning of the 6th day of August,
1873, an eastward bound train ran over and damaged and left in a
dying condition, a certain heifer belonging to plaintiff of the
value twenty dollars, for which he asks judgment,

JAMES HAGGARD,
Plaintiff.

This was filed with one of the justices of New Haven Town-
ship, Franklin County.

Summons thereupon issued, directed to the constable of that township, commanding him to summon the defendant " to appear before the undersigned justice of the peace of New Haven Township in Franklin County on the 10th day of September, 1873," etc., etc. The writ was served on the defendant in that township, both parties appeared, a trial was had resulting in a judgment for the plaintiff, and defendant appealed to the Franklin Circuit Court, where the plaintiff, against the objection of the defendant, was permitted to file an amended statement, which alleged that the heifer was killed in the township above mentioned. The court, prior to this, had overruled the motion of the defendant to dismiss the cause on account of the absence in the original statement of the allegation which the amended statement supplied. A trial was had resulting in a verdict for plaintiffs, and defendant is again an appellant.

It is only necessary to notice one of the points to which attention has been called, and that is the one raised by defendant's motion to dismiss the cause. This motion should have prevailed. Plaintiff does not attempt to defend the action of the court in permitting the amended statement to be filed, but insists that it is sufficient that " the writ shows that the action was commenced in the township and county wherein the killing occurred."

The writ, however, does not show this. It only shows that it was issued by a justice of New Haven township, and was directed to and served by a constable of that township, and within that township. Nothing more. The writ, indeed, ascertains the *locus in quo* of the justice, but not of the heifer. And since it nowhere appears in the transcript that the killing occurred in the township where the action was brought, and since also the amended statement could not supply this defect and could not confer jurisdiction where none existed before, it follows that this case falls within the rule so often adverted to by this court, that the jurisdiction of courts of inferior and limited powers must somewhere appear on the face of their proceedings ; otherwise their acts are void.

The result is, that the judgment must be reversed; Judge Wagner absent ; the other judges concur.