JACOB FISHER ET AL., Respondents, v. J. B. DAVIS, Appellant.

### Kansas City Court of Appeals, October 24, 1887.

1. OPENING OF ROAD UNDER ACT OF 1883—NECESSARY AVERMENTS OF PETITION.—In a proceeding for the opening of a new road, under the provisions of the act of 1883 (Laws Mo. 1883, p. 158), the statute does not require that the petition should contain the averment as to the necessary residence of the petitioners. It simply prescribes that the petition shall be " signed by at least twelve freeholders of the municipal township, etc., through which said proposed road may run, three of whom shall be of the immediate neighborhood," and as to what the petition shall contain respecting the beginning, direction, etc., of the road. The qualification of the petitioners is a matter of evidence to be determined by the court on the hearing of the petition. But the record of the court should show affirmatively that the petitioners possessed the requisite qualification, without which its further proceeding is an absolute nullity. (This fact, the county court record, in this case, failed to recite). The fact of the required notice of intention to present the petition should also be found and appear of record.

2. JURISDICTION—PROCEEDINGS OF INFERIOR COURTS MUST SHOW. The jurisdiction of courts of inferior and limited power must appear somewhere on the face of the proceedings ; otherwise their acts are void.

APPEAL from Howard Circuit Court, HON. GEORGE H. BURCKHARTT, Judge.

*Reversed and remanded.*

The case and facts are stated in the opinion of the court.

DRAFFEN & WILLIAMS, for the appellant.

I. In attempts to exercise the right of eminent domain, the utmost strictness is required to give validity to the proceedings. The jurisdictional facts must

VOL. xxvii—21

appear upon the record. The record in this case did not show that the petitioners were of the immediate neighborhood; nor that notice of the application had been given as required by the statute. The county court, therefore, had no jurisdiction. Acts 1883, p. 158, sects. 5 and 6; *Zimmerman v. Snowden*, 88 Mo. 218; *Whitely v. Platte County*, 73 Mo. 30; *Colville v. Judy*, 73 Mo. 657; *Jefferson County v. Cowan*, 54 Mo. 234; *Blize v. Castlio*, 8 Mo. App. 290.

II. If the county court had no jurisdiction the circuit court acquired none by the appeal. Its jurisdiction was appellate only. *Haggard v. Railroad*, 63 Mo. 302; *Gist v. Loring*, 60 Mo. 487.

III. The jurisdictional facts could not be supplied by evidence *dehors* the record. The testimony offered in the circuit court could not make good the defect in the record. "It was held by the Supreme Court, in *Jefferson County v. Cowan* (54 Mo. 237), that the county court has no jurisdiction in the premises unless these facts appear in the petition or in the record, and that when they do not] appear the petition should be dismissed in the circuit court." *Blize v. Castlio*, 8 Mo. App. 290.

IV. (1) An amendment could not be made in the circuit court, so as to give jurisdiction, where the county court had none. The attempted amendment conferred no additional authority. See *Gist v. Loring*, 60 Mo. 487; *Haggard v. Railroad*, 63 Mo. 302; *McQuoid v. Lamb*, 19 Mo. App. 153. (2) Section 3060 has no application to appeals from the county court. This was enacted in 1879. The appeal in the case at bar is governed by the laws of 1877. See Rev. Stat., 1879, sect. 1210. There is no provision for amendments in such cases. *McQuoid v. Lamb*, 19 Mo. App. 153; *State v. Russell*, 88 Mo. 648. The law governing appeals from the county court is the same now, as when the cases of *Whitely v. Platte County* (73 Mo. 30), and *Colville v. Judy* (73 Mo. 650), were decided. So far as appeals from the county

court are concerned, the law is now in regard to amendments as declared in *Gist v. Loring* (60 Mo. 487).

V. Again, the county court had previously caused the damages to be assessed, as to part of the land owners, and on the seventh of August, 1885, established the road and ordered it opened. It had no jurisdiction after the lapse of that term to re-open the case and proceed to condemn the appellant's land. Its judgment of July, 1886, was *coram non judice*. *Blize v. Castlio*, 8 Mo. App. 290 ; *Bloss v. Tacke*, 59 Mo. 174. The appellant's land not having been properly condemned the proceedings were an entirety, and should have been dismissed.

VI. The judgment entered by the court below was certainly unwarranted, in that it required the appellant to remove his fences from the line of the road in thirty days. The statute does not authorize such judgment. See Acts of 1883, p. 160, sect. 9.

A. J. HERNDON and T. SHACKLEFORD, for the respondents.

I. The authorities cited by the appellant's counsel are based upon the law as it existed prior to the revision of 1879. Section 1210, Revised Statutes, 1879, provides that appeals from the county court shall be prosecuted in the same manner as appeals from justices' courts ; and section 3060 provides how such appeals may be taken and prosecuted.

II. The amendment, in the case at bar, added no new facts, but merely stated that the three persons who originally signed the petition resided in the immediate neighborhood of the proposed road, and that the notices were duly given, and the court found these facts to be true, on the trial of the cause, and in the judgment declared all the facts to be true which gave jurisdiction to open the road.

III. The appellant, being a party to the record is

bound by the judgment. *Vaughan v. Railroad*, 17 Mo. App. 4; *King v. Railroad*, 79 Mo. 328.

PHILIPS, P. J.—This proceeding originated in the county court for the opening of a new road. It was subject to the provisions of the road law enacted in 1883. Laws Mo. 1883, p. 158. The record shows, if not an irregular course of procedure, at least, a most unusual one.

The petition was presented to the county court at the November term, 1884, when the court made an order that the road commissioner proceed to survey and mark out said road, and make report to the court thereof according to law. At the following term, February, 1885, the commissioner made report, representing that H. Besgrove and B. F. Johnson, through whose land the proposed road would run, refused to relinquish the right of way; the court appointed commissioners to assess the damages, and make report. At the following May term the commissioners filed their report, and the court made a provisional order that the road be established when the petitioners paid into court the damages awarded to the non-assenting land owners. At the following August term the court made an order, reciting the payment of the damages, assessed as aforesaid, and ordered the road overseer to notify all persons to remove their fences in the way of the road. The year following, on the nineteenth day of July, 1886, the record shows that J. A. Bryan and James B. Davis, the appellant herein, through whose land the proposed road ran, had not relinquished the right of way.

The court thereupon appointed certain other commissioners to view the premises and assess the damages, and make report. At the August term following the commissioners filed their report, and the said Bryan and Davis failing to make any objection thereto, the court ordered the road opened within thirty days; and Bryan and Davis were ordered to remove their fences from the

roadway within that time.   Davis appeared and objected
to this order, on the ground that the court had no juris-
diction to make the same.

Davis appealed to the circuit court, where he filed a
motion to dismiss the proceedings, on the grounds that
the county court had no jurisdiction to make the order
appealed from ; that it did not appear, from the petition
or the record of the county court, that the petition for
the establishment of the road was signed by at least
twelve freeholders of the municipal township or town-
ships through which said road runs, three of whom are
of the immediate neighborhood of said proposed road ;
nor did it appear, from the record, of the county court,
that the required statutory notice had been given.

Pending this motion, the petitioners were permitted
by the circuit court, over the objection of the appellant,
to amend the petition, so as to show that at least three
of the petitioners were freeholders resident in the town-
ship, and resided in the immediate vicinity of the road.
On the hearing of the cause, the petitioners made proof,
against the objection of appellant, that the signers of
the petition were resident freeholders, as required by the
statute, and that the requisite statutory notice of the
intended application to the county court for the opening
of the road was given.   The petitioners also read in evi-
dence the report of the road commissioner, and accom-
panying plat.   The motion to dismiss was overruled, and
Davis has appealed to this court.

I.   It is not necessary to the determination of this
case that we should pass upon the question raised, and
pressed upon our consideration by appellant, as to the
right of the petitioners to amend the petition in the cir-
cuit court, as we are of opinion such amendment was
not essential to validate the petition.   We do not think
the statute authorizes the construction that the petition
itself should contain the averment as to the necessary
residence of the petitioners.   The statute simply pre-
scribes that the petition shall be " signed by at least

twelve freeholders of the municipal township, etc., through which said proposed road may run, three of whom shall be of the immediate neighborhood." The section then proceeds to state what the petition itself shall contain, respecting the beginning, direction, etc., of the road. As the act of signing follows the petition, we can find no warrant for the assumption that the qualification of the petitioners must be recited in the body of the petition. That is a matter of evidence to be determined by the court, on the hearing of the petition.

II. But as the requirement as to the residence of the petitioners is in the nature of a jurisdictional fact, which must be found by the county court before it can proceed to take jurisdiction over the subject-matter, the record of that court should show affirmatively that the petitioners possessed the necessary qualification, without which its further proceeding is an absolute nullity. *Jefferson County v. Cowan*, 54 Mo. 234; *Colville v. Judy*, 73 Mo. 651; *Whitely v. Platte County*, 73 Mo. 30; *Zimmerman v. Snowden*, 88 Mo. 218; *Blize v. Castlio*, 8 Mo. App. 290. This fact the county court record failed to recite.

III. The fact of having given the required notice of intention to present the petition should also be found and appear of record in the county court.

IV. The only remaining question, of importance to the determination of this case, is, did the circuit court acquire such jurisdiction by the appeal as to authorize it to proceed, *de novo*, to hear the case on its merits, and find the essential facts, disregarding these errors in the record of the county court?

I am free to say that if this question were *res nova*, and its determination should rest with me, I should hold that such defect in the proceedings of the lower court would not oust the circuit court of its jurisdiction on direct appeal, where it was made to appear on the trial *de novo* that the essential fact did exist, and it was an omission on the part of the lower court to recite it in

the record. This, because section 36 of the road law (*supra*) declares that, "in all cases of appeals being allowed from the judgment of the county court, assessing damages, or for opening, changing, or vacating any road, the circuit court shall be possessed of the cause, and shall proceed to hear and determine the same anew." And because section 1210, Revised Statutes, declares that: "When any case shall be removed into a court of appellate jurisdiction by appeal from a county court, such appellate court shall thereupon be possessed of such cause, and shall proceed to hear and determine the same anew, and in the same manner as if such cause had originated in such appellate court, without regarding any error, defect, or informality in the proceedings of the county court." I think it would better comport with the spirit of the laws, and our liberal system of practice respecting the proceedings of these inferior courts not presided over by men learned in the law, to regard the omission of such facts from the county court record, in cases of direct appeal from the judgment of the county court, as errors and defects within the intendment of the legislative act ; and the circuit court should proceed to hear the case anew, and decide it according to the existence or non-existence of the essential facts. But the Supreme Court have ruled otherwise, as we conceive ; and we must follow its course. *Haggard v. Railroad*, 63 Mo. 303 ; *Gist v. Loring*, 60 Mo. 487 ; *Whitely v. Platte County, supra ; McQuoid v. Lamb*, 19 Mo. App. 153, 156 ; and authorities *supra*.

It results that the motion of appellant to dismiss the proceedings should have been sustained. The judgment of the circuit court is, therefore, reversed, and the cause remanded, with directions to proceed conformably to this opinion. All concur.