STATE OF MISSOURI *ex rel.* JAMES C. HARRAH *et al.*,
    Relators, v. GEO. W. CAUTHORN *et al.*, Justices
    Daviess County Court, Respondents.

Kansas City Court of Appeals, March 31, 1890.

1. **Certiorari :** OFFICE OF : *Certiorari* only brings up the record of
   the inferior court, and its office is to reach only such defects or
   errors in the proceedings as appear upon the face of the record.

2. ———— : COUNTY COURTS : BILL OF EXCEPTIONS. There is no provis-
   ion of law providing for a bill of exceptions in the county courts,
   and so a *certiorari* can only reach the record proper thereof.

3. **County Courts :** JURISDICTION : DRAMSHOP LICENSE. A petition
   for a dramshop license need not, in order to confer jurisdiction on
   the county court, aver in the language of the statute that the peti-
   tioners compose a majority of the assessed taxpaying citizens, etc.
   If such jurisdictional facts are made to appear in other parts of
   the record, it is sufficient to give jurisdiction and render its action
   valid. (*Distinguishing State ex rel. v. Heege,* 37 Mo. App. 338.)

*Certiorari to the Daviess County Court.*

AFFIRMED.

*Hall* and *Gillihan & Brosius,* for the appellants.

(1) The petition in this case does not contain the
very necessary allegation that the petitioners are
assessed. The motion of the remonstrators to dismiss
the petition ought to have been sustained. It was
decided in the case of *State ex rel. Campbell v. Heege,*
37 Mo. App. 338, that these words in a dramshop peti-
tion were jurisdictional words, and that, unless the
petition contained these words, the county court had
no jurisdiction to act on the petition. *Railroad v.
Young,* 96 Mo. 39 ; *Blize v. Castlio,* 8 Mo. App. 290 ;
*Schaffer v. St. Louis,* 31 Mo. 200 ; *Schell v. Leland,*

45 Mo. 289 ; *Jefferson Co. v. Cowan*, 54 Mo. 234 ; *Haggard v. Railroad*, 62 Mo. 302 ; *People v. Board of Police*, 72 N. Y. 415 ; s. c., 39 N. Y. 505 ; *People v. Smith*, 45 N. Y. 777 ; *People v. Woygant*, 14 Hun. 546 ; *Williams v. People*, 24 N. Y. 399 ; *Berry v. Lowe*, 10 Mich. 9 ; *Hyde v. Nelson*, 10 Mich. 357 ; *State ex rel. v. Police Commissioners*, 14 Mo. App. 297.

*G. A. Chapman* and *Callison & De Vorss*, for the respondents.

(1) The relators insist that the petition in the case fails to allege that the signers are "assessed taxpaying citizens." In so many words it fails in the caption or body of the petition to so state, but it does describe the petitioners as "taxpayers." Which, we aver, is the equivalent, though not clothed in the exact language of the statute. For the purpose of a petition of this character, there can be no legal distinction between the phrase "assessed taxpaying citizens" and "taxpayers." It is a distinction without a difference, and the supreme court in construing this section of the statute uses the phrase "assessed taxpayers" as synonymous with that of "assessed taxpaying citizens." *State ex rel. v. Meyers*, 80 Mo. 601–8 ; *Sutherland v. Holmes*, 28 Mo. 329. (2) But we controvert the doctrine of the relators "that these words (assessed taxpaying citizens) in a dramshop petition are jurisdictional words, and unless the petition contains them the county court had no jurisdiction to act on the petition," and hence the county court rightfully overruled relators' motion to dismiss. *Snoddy v. County of Pettis*, 45 Mo. 361 ; *Whitty v. Platte County*, 73 Mo. 30 ; *Zimmerman v. Snowden*, 88 Mo. 218.

ELLISON, J.—On petition of the relators we ordered a writ of *certiorari* directed to the county court of Daviess county to bring up the record of that court in

the matter of the application of W. J. Gillihan for a dramshop license in the town of Jamesport, a town of less than twenty-five hundred inhabitants, as well as the remonstrance thereto. That record is now before us. It includes the original papers in the cause as well as a transcript of the record proceedings of the county court. There is likewise returned among said papers what purports to be a bill of exceptions taken to the action of the county court in its various rulings and orders made in the progress of the proceedings.

Besides challenging the jurisdiction of the county court for the reason that it is not shown by the petition, relators raised several points against the action of the county court which have been saved by the bill of exceptions. A consideration, therefore, of the scope of this writ, as applicable to the present case, will dispose of all questions presented on the exceptions.

*Certiorari* only brings up the record of the inferior court and its office is to reach only such defects · or errors in the proceedings as appear upon the face of the record. *Hannibal & St. Joseph Ry. Co. v. State Board*, 64 Mo. 294; *State ex rel. v. Powers*, 68 Mo. 320; *State ex rel. v. City of Kansas*, 89 Mo. 34. It is true that in some cases ( whether of the class before us need not be said ) a bill of exceptions may preserve proceedings otherwise not of record and make them a part thereof. But when there is no provision for a bill of exceptions the record proper is all that can be reached by this writ. *Lacy v. Williams*, 27 Mo. 280; *The County of St. Louis v. Lind*, 42 Mo. 348; *City of St. Joseph v. Davenport*, 55 Mo. 572. We know of no provision of law providing for a bill of exceptions in the county courts of this state and shall, therefore, disregard the paper presented here as such.

The case is then left standing on the record proper, and the only question for our consideration is whether such record shows jurisdiction in the county court. It

will readily be seen from the foregoing, and the very nature of the case, that it is not our province to ascertain whether the county court, in granting license to the applicant acted properly or improperly, wisely or unwisely, but only to determine from the record if it had authority to act at all.

The contention on the part of the relators is that the petition, or, at least, the application accompanying the petition (and which, for this purpose, might be regarded as a part of the. petition) should state in the language of section 4576, Revised Statutes, 1889, that petitioners compose a majority of the assessed taxpaying citizens of the town of Jamesport, and of the block or square in which the dramshop is to be kept. That without such statement in the petition the county court had no jurisdiction in the premises, and its license to the applicant is void.

This case is not one affecting the property or private rights of any one ; but, conceding, nevertheless, to relators' position, that it is properly put in that class of cases which requires that the face of the record of inferior tribunals should show jurisdiction of the court in order that its action may be valid, we find that in none of the adjudications, with an exception hereinafter noticed, it is required that any one particular portion of the record should show such jurisdiction. It is in every way sufficient if any part of the record proper recites the necessary requisites to give jurisdiction to the tribunal before which the proceedings are had. *Iba v. Railroad*, 45 Mo. 469; *Gibson v. Vaughn*, 61 Mo. 418; *Jefferson v. Cowan*, 54 Mo. 234; *Whitely v. Platte Co.*, 73 Mo. 30 ; *Zimmerman v. Snowden*, 88 Mo. 218. This is held in double-damage cases against railway companies before justices of the peace who have jurisdiction of such cases when the injury occurred in the justice's township or some adjoining township. It is likewise held in road cases before the county courts.

The case of *Gibson v. Vaughn, supra,* arose in the probate court, the record of which did not show notice to the administrator in the allowance of a demand, and the court decided that "the failure of *some portion* of the record to show jurisdiction is necessarily fatal." The case of *Zimmerman v. Snowden, supra,* was a petition for a public road where the petition must be made by twelve householders of the township in which the road is desired, three of whom shall be of the immediate neighborhood, and the court did not hold that the petition itself should state that it was by twelve householders, etc., but that it was necessary that these jurisdictional facts should "be made to appear upon the record *somewhere.*"

The language of the statute as to a petition for a dramshop and a petition for a public road in neither case provides what the petition shall say as to the qualification of the petitioners, but in each case the requisite is that the petition shall be *signed* by a certain class of petitioners. As to roads, it has been directly decided that the petition need not on its face disclose the character or qualification of the petitioners. *Snoddy v. Pettis Co.,* 45 Mo. 361; *Fisher v. Davis,* 27 Mo. App. 321. These cases will apply with equal force to dramshop petitions. Where a statute requires a statement of the qualification or character of the petitioners to be stated in the petition, or any particular part of the record, it must be so stated in order to give jurisdiction, but, in the absence of such requirement, we are clearly of the opinion that necessary jurisdictional facts need not be stated in the petition, if they be made to appear in other parts of the record.

The case referred to above as an apparent exception to the current of authority is *State ex rel. Campbell v. Heege,* from the St. Louis Court of Appeals, 37 Mo. App. 338. There it does appear that the court puts the decision on the absence of jurisdictional facts in the

petition, but it must be borne in mind that in that case the necessary jurisdictional facts did not appear in any other part of the record, and when such is the case a like absence of such facts from the petition will, of course, fail to confer jurisdiction.

Coming now to the records in this case, we find that, while the petition omits the averments referred to, the order granting the license is full and complete, and does recite all the necessary jurisdictional facts which are complained of as being absent from the petition, and we must, therefore, hold that, from the record of the proceedings before the county court, it does affirmatively appear that it had jurisdiction.

As stated above, it is not our province under this writ to inquire into the propriety of the county court's action during the investigation, or whether it properly determined the case from the evidence, but only whether it had the power to determine it at all. The result is that the judgment of the county court should be affirmed, and it is so ordered. The other judges concur in this opinion.