Corrigan v. Morris.

THOMAS CORRIGAN, Respondent, v. M. J. MORRIS *et al.*, Appellants.

Kansas City Court of Appeals, February 2, 1891.

1. **Justices' Courts:** SPECIAL TAX BILL: JURISDICTION: CHARTER OF KANSAS CITY. A justice of the peace being a court of inferior jurisdiction, and, moreover, this proceeding being for the enforcement of the lien of a special tax bill against the property of a citizen, the jurisdiction must not only in fact exist in the justice, but it must appear affirmatively in the proceedings before him ; and as the charter of Kansas City confers jurisdiction to render judgment on a special tax bill upon " the recorder of the city, or any justice of the peace in said city," in a suit on such tax bill, the docket entries of the justice must show that he is a justice in said city, or the proceeding will be without jurisdiction.

2. ——— : ——— : ——— : AMENDMENT. When, at the time of rendering judgment on a special tax bill, the justice's docket failed to show he was a justice in said city, said docket cannot, pending subsequent proceedings in the circuit court, to quash an execution issued on the judgment, under a rule to send up an amended transcript, be altered to show that said justice was a justice "in said city," as the jurisdiction does not depend upon the fact, but on such fact appearing in the proceedings.

3. ——— : ——— : ——— : ———. The judgment being *coram non judice* at its rendition, by reason that such fact did not appear in the proceedings, such alterations cannot relate back and give life to proceedings which are utter nullities.

4. ——— : ——— : ——— : ———. *Karnes v. Alexander*, 92 Mo. 660, *distinguished.*

ON REHEARING.

5. ——— : ——— : ———. *Harris v. Hunt*, 97 Mo. 571, *distinguished.*

*Appeal from the Jackson Circuit Court.*—HON. TURNER A. GILL, Judge.

REVERSED.

*Scarritt & Scarritt,* for appellants.

(1) Suits on such special tax bills must be brought before a justice of the peace in Kansas City. Amended Charter, 1875, sec. 4, p. 60; Acts, 1875, p.253; *Karnes v. Alexander,* 92 Mo. 671. (2) And, if the jurisdiction of the justice of the peace does not affirmatively appear upon the face of the proceedings, the judgment and all acts thereunder are void. *State v. St. Louis,* 1 Mo. App. 503; *Cunningham v. Railroad,* 61 Mo. 33; *Haggard v. Railroad,* 63 Mo. 302; *Barrett v. Railroad,* 68 Mo. 65; *Williams v. Browning,* 45 Mo. 475; *Hansberger v. Railroad,* 43 Mo. 199; *State v. Metzger,* 26 Mo. 65; *Schell v. Leland,* 45 Mo. 294; *Hessey v. Heitkamp,* 9 Mo. App. 36; *State v. Swope,* 72 Mo. 403; *Ewing v. Donnelly,* 20 Mo. App. 6. (3) The taking of a citizen's property under the law which creates these special tax bills is the exercise of eminent domain, and every step in the progress of the proceedings must be in strict compliance with the letter of the statute. *City of St. Louis v. Franks,* 78 Mo. 42; *Railroad v. Campbell,* 62 Mo. 586; *Colville v. Judy,* 73 Mo. 654; *Gray v. Railroad,* 81 Mo. 135. (4) Jurisdictional facts cannot be shown by parol testimony on a motion to quash the execution and set aside judgment. The judgment and execution must stand or fall by the record. See authorities cited *supra; Cunningham v. Railroad,* 61 Mo. 36; *Colville v. Neal,* 2 Swan. (Tenn.) 89; *Brahmstead v. Ward,* 44 Wis. 591. And a subsequent entry of a jurisdictional fact on the docket of the justice will not supply the defect or restore jurisdiction. *Brahmstead v. Ward, supra.* (5) Upon the filing of the transcript in the clerk's office, it became the judgment of the circuit court. The court then had no authority to require the justice to "correct his docket," and send up a corrected transcript. One term

of court had already passed since the filing of the transcript, and the circuit court could not have corrected even one of its own judgments. *Hyde v. Curling*, 10 Mo. 432 ; *Gibson v. Chouteau*, 45 Mo. 171 ; *Turner v. Christy*, 50 Mo. 145 ; *Priest v. McMasters*, 52 Mo. 60 ; *Dunn v. Raley*, 58 Mo. 134 ; *State v. Primm*, 61 Mo. 166 ; *Allen v. Sales*, 56 Mo. 34. ( 6 ) In a special proceeding of this kind, the circuit court has no authority to rule a justice to " correct or amend his docket." It is only in cases of appeals that the court can require the justice to send up an "amended transcript." 1 R. S. 1879, sec. 3049.

*Crysler & Kenyon*, for respondent.

( 1 ) The execution will not be quashed because the proceedings fail to show that the justice before whom the suit was brought is a justice in Kansas City.   Jurisdiction was obtained over the parties and over the subject-matter, and cannot be attacked collaterally.   All presumptions are allowed to sustain judgments of justices of peace.   Where the judgment of the justice is silent as to a matter not required by statute, the facts may be shown *aliunde*.   All that the statute required, the record shows the justice did up to the required standard.   *Karnes v. Alexander*, 92 Mo. 660.   For full line of authorities on all these subjects see brief of C. O. Tichenor, Esq.,for respondent in the above cause, copies of which are on file in clerk's office in that case.   *Crowley v. Wallace*, 12 Mo: 147, and authorities.   At best only the venue is omitted and at common law, if the case was really brought in the proper court, this could only be taken advantage of by demurrer.   1 Chitty on Plead. [ 16 Ed. ] 289, 290 ; 5 Mass. 94–97 ; 13 Pick. 542. Section 2844, Revised Statutes, 1879, does not require venue to be stated on docket ; and so strong is this that after verdict even in circuit court judgment will not be arrested for want of any venue if the cause was tried in the proper county.   Revised Statutes, 1879, section 3582,

and the statute relating to justices is as broad. (3) Under section 3049, Revised Statutes, 1879, justice may be compelled by rule and attachment to amend his return, and the section is general enough and broad enough to cover this case. *Smith v. Chapman*, 71 Mo. 217; *Norton v. Porter*, 63 Mo. 345. When a transcript of justice is filed in the office of the circuit court, the court acquires jurisdiction of the case, and may on cause shown set aside and modify the judgment. *Bauer v. Bauer*, 40 Mo. 61. (4) The old doctrine that a judgment is an entirety (except against persons jointly liable and in special cases, as condemnation, etc.) is now obsolete. *Belkin v. Hill*, 53 Mo. 492; *Buffum v. Ramsdell*, 55 Me. 252; Freeman on Judgments [3 Ed.] sec. 136. If the amended transcript had not been filed, the judgment should be affirmed. The amended transcript would make it valid had it been invalid before. All that appellants claim the law requires is, that the suit be brought before a justice who has an office in Kansas City, Missouri, and, as the law does not require his transcript to show that his office was actually located in said city, therefore it is a matter of fact which can be shown by evidence *aliunde* to sustain the jurisdiction of the justice, and in this case such fact was shown, and is not contradicted.

ELLISON, J.—This case arises on a motion to quash an execution issued on a judgment rendered on a special tax bill by a justice of the peace in Kaw township, Jackson county, Missouri. A transcript of the judgment was filed in the office of the clerk of the circuit court for Jackson county and said clerk issued the execution in question. The motion to quash was made before the circuit court and overruled. Defendants appeal.

The principal point in the motion is based on the ground that the proceedings before the justice of the peace failed to show that such justice was a justice of

the peace *in Kansas City.* But the circuit court, pend-
ing a decision on the motion, made a rule on the justice
to send up an amended transcript, which was done ; the
certificate to which is as follows :

"STATE OF MISSOURI,
"County of Jackson,   } ss.
"City of Kansas.

"I, A. W. Allen, a justice of the peace, within and
for the county and state aforesaid, whose office is within
the corporate limits of the City of Kansas, at the time
all proceedings had in this cause, do hereby certify that
the foregoing transcript is full, true and complete of all
proceedings had before me in said cause, as taken and
copied from my docket after it was amended, pursuant
to the rule made upon me by the honorable judge of the
circuit court of Jackson county, Missouri, sitting at Kan-
sas City. Given under my hand this twenty-seventh
day of June, A. D. 1885.

"A. W. ALLEN,
"Justice of the Peace."

The amendment consisted in stating that he was a
justice of the peace in Kansas City, Missouri, and also
including such statement in this certificate. The section
of the charter of Kansas City which confers jurisdic-
tion on justices of the peace on special tax bills is as
follows :

"When the amount due on any tax bill does not
exceed $300, suit may be brought thereon before the
recorder of the city, or any justice of the peace in said
city, as in other civil cases, and such recorder or justice
of the peace may render a special judgment, as afore-
said, but, to enforce the same, a transcript of such
judgment shall be filed in the office of the clerk of the
circuit court of Jackson county, in said city,   *  *  *
whereupon an execution may be issued," etc.

It will be noticed that this section confers jurisdic-
tion, not on justices of the peace generally, but on

"any justice of the peace in said City" of Kansas. A justice of the peace being a court of inferior jurisdiction and, moreover, this proceeding being for the enforcement of a lien of a special tax bill against the property of a citizen, the jurisdiction must not only in fact exist in the justice, but it must appear affirmatively in the proceedings before him. *State v. Metz*, 26 Mo. 65 ; *City of Marshall v. Standard*, 24 Mo. App. 198, 199; *Hansberger v. Railroad*, 43 Mo. 199 ; *The K. C. & St. J. Ry. Co. v. Campbell*, 62 Mo. 585. But an avoidance of this rule is attempted by getting an amended transcript from the justice which does show him to be justice of the peace in the City of Kansas. This amended transcript does not show any mistake in the foregoing, but does show that the justice altered his docket after the rule served upon him, so as to make it show jurisdiction, where, at the time the proceedings were had, it did not appear. We are of the opinion that this cannot be done. For jurisdiction in cases like this may be said not to depend on the fact, but on *such fact appearing in the proceedings*. If such fact does not appear, the proceedings are *coram non judice*.

It is not to be controverted that when the judgment was rendered it was void. It was void when this execution was issued and levied, and I cannot see how alterations can be made to relate back and give life to proceedings which were utter nullities. It has been held that in replevin a statement which fails to give jurisdiction to a justice of the peace cannot be amended in the circuit court so as to show jurisdiction. *Gist v. Loring*, 60 Mo. 487 ; *Madkins v. Trice*, 65 Mo. 656. The same is held in suits against railway companies where there was nothing on the face of the proceedings showing the stock was killed in the township of the justice of the peace. *Haggard v. Railroad*, 63 Mo. 302. So, the same has been held as to proceedings for a county road on appeal from the county court. *Fisher*

*v. Davis*, 27 Mo. App. 321. In *Cunningham v. Railroad*, 61 Mo. 33, a justice of the peace failed to state that the parties could not agree as to the value of the material taken, and proceeded to appoint householders to ascertain the damage. It was held that the failure of the parties to agree was a jurisdictional matter that should have been recited in the proceedings; that the record itself should show this, and that it could not be shown by extraneous evidence. The case of *Brahmstead v. Ward*, 44 Wis. 591, was in some respects like the one before us. The justice there failed to state in his docket the place to which an adjournment was taken. On appeal a rule was made upon him for a further return, which he made, and in which he stated the place; but the supreme court held that a subsequent entry would not restore jurisdiction. In *Brown v. Kellogg*, 17 Wis. 475, the justice stated, orally, the hour to which the case was adjourned but failed to enter it in his docket. On the day to which the adjournment was taken he inserted the hour where it should have been inserted in the first instance, and the court held such entry could not restore jurisdiction.

We are referred to *Karnes v. Alexander*, 92 Mo. 660. It has no application here from the fact that it is stated in the opinion that it was admitted that the proceedings before the justice in that case did show him to be a justice of the peace in Kansas City. The oral evidence admitted and not contradicted, showing that the justice was a justice of the peace in Kansas City, will not avail plaintiff. The record itself must be relied upon without outside aid. *Cunningham v. Railroad*, 61 Mo. 33; *Colville v. Neal*, 2 Swan. 89. If evidence *aliunde* should be held to aid or supply the place of the record the rule that the face of the proceedings should show jurisdiction would be without meaning or potency.

The judgment is reversed. SMITH, P. J., concurs; GILL, J., not sitting.

Bindbeutal v. Street Ry. Co.

## ON REHEARING.

ELLISON, J.—We are cited to the case of *Harris v. Hunt*, 97 Mo. 571, as decisive of this controversy. That case presents a new question not noticed in *Karnes v. Alexander, supra,* or in the original opinion herein. But it does not meet this case from the fact that in that case it is admitted that *Kansas City is in Kaw township,* and that the justice of the peace who rendered the judgment in that case *had his office in Kansas City,* while in this case no such admission is made. So, while there is a recital in this case that the judgment was rendered before a justice of the peace within and for Kaw township, it not being admitted that Kansas City is a part of, or is within, Kaw township, and we not being able to take judicial notice of that fact (*Backenstoe v. Railroad,* 86 Mo. 492), there is nothing to show, in this case, as there was in *Harris v. Hunt,* that the justice rendering the judgment was a justice of the peace in Kansas City.

The judgment, with the concurrence of SMITH, P. J., is reversed.