State of Missouri at the Relation of Laidley *et al.*, Relators, v. Charles P. Higgins, Excise Commissioner of City of St. Louis, Respondent.

St. Louis Court of Appeals, May 4, 1897.

License, Dramshop: PETITION: JURISDICTION OF COMMISSIONER.
Where a petition for a dramshop license was not signed, and did not purport to be signed, by a majority of the assessed taxpaying citizens and guardians of minors in the block where the dramshop was located, the excise commissioner was without jurisdiction to grant the license.

*Petition for Writ of Certiorari.*

PERMIT REVOKED, QUASHED, AND ANNULLED.

*Leverett Bell* for relators.

It must appear upon the face of the record that the requisite signatures have been procured to a petition for a dramshop license to give the excise commissioner jurisdiction to grant the license. *State v. Heege*, 37 Mo. App. 338; *State v. Cauthorn*, 40 *Id*. 94; *State v. Reider*, 45 *Id*. 387; *State v. Mayor*, 57 *Id*. 192.

*William J. Stone* for respondent.

The averment that it is signed by a majority of the assessed taxpaying citizens in the block, is not necessary to be stated in a petition for a dramshop license, or in the record, to confer jurisdiction on the excise commissioner. *State ex rel. v. Cauthorn*, 40 Mo. App. 698; *Fisher v. Davis*, 27 *Id*. 325; *State v. Evans*, 83 Mo. 322; *Snoddy v. Pettis Co.*, 45 Mo. App. 361.

It must be presumed that the excise commissioner found that there was a requisite number of eligible signers to the petition, before he issued the license. 39 Mo. App. 393; 34 *Id*. 613.

The words, "and guardians of minors owning property in the block or square," in the act of 1891, do not create a distinct and separate class of citizens or signers. Such guardians are embraced in the words "assessed taxpaying citizens." *State ex rel. v. County Court Howard Co.*, 90 Mo. 593.

The act of 1891 created a special class of guardians or "guardians of minors," to the exclusion of guardians of insane persons, habitual drunkards, imbeciles, and the like, and is to that extent unconstitutional.

Const. of Mo., art. 4, sec. 53; *Murnane v. St. Louis*, 123 Mo. 479, and citations; *State v. Walsh*, 37 S. W. Rep. 1112. See, also, *People ex rel. v. Baulter*, 149 Ill. 37; *Singleton v. Eureka Co.*, 35 Pac. Rep. 833; *Board Freeholders v. Buck*, 49 N. J. L. 228; *State ex rel. v. Hermann*, 75 Mo. 340; *Ewing v. Hoblitzelle*, 85 *Id.* 64.

The fact that part of an act is unconstitutional, will not render the entire act so, if the act excluding such part is capable of being executed in conformity with the legislative intent. *State ex rel. v. Field*, 119 Mo. 593.

BLAND, J.—This is a proceeding by writ of *certiorari* to quash a dramshop license issued by Charles P. Higgins, excise commissioner of the city of St. Louis, to one Julius J. Saitz. The ground upon which it is sought to quash the license is that the petition was not signed and does not purport to be signed by a majority of the assessed taxpaying citizens and guardians of minors in the block where the dramshop is located. The petition for the license is as follows:

"To the Excise Commissioner of the City of St. Louis: The undersigned assessed taxpaying citizens in block number 1060, city of St. Louis, petition you to grant to Julius J. Saitz a license to keep a dramshop at No. 3563 Olive street in said block, for twelve months." It will be observed that guardians of minors are not mentioned in the body of the petition, and that the petition does not purport to be signed by a majority of the assessed taxpaying citizens of the block. There are no signatures to the petition purporting to be by guardians of minors. Section 4 of the Act of 1893 (Session Acts 1893, page 150), by which act the office of the excise commissioner was created and his duties

DRAMSHOP license: petition: jurisdiction of commissioner.

prescribed, requires the commissioner to keep a record in which shall be recorded the names of all applicants for dramshop license, the place at which the applicant is permitted to conduct the business of dramshop keeper, the date of the issuance of such license, and he is required to preserve in his office all petitions for dramshop license, and remonstrances against the granting of dramshop license; all of which is declared to be a public record, and open to the inspection of any citizen.

This section was fully complied with by the commissioner in this case. It will be observed that he is not required to enter of record any finding he may make, or any evidence that he may hear on the hearing of an application for a license; nor is he required to record the fact, that he found the petition for the license was signed by a majority of the assessed taxpaying citizens and guardians of minors of the block where the proposed dramshop is to be located. Section 2 of the Act of 1893, provides that "any person desiring a dramshop license shall present a petition to the excise commissioner, as required by the laws of this state." * * * The laws of the state, section 8, Acts of 1891, page 129, concerning dramshops, declares, "that it shall not be lawful for any county court in this state, or clerk thereof in vacation, or any *other authority* to grant any license to keep a dramshop in any town or city containing two thousand inhabitants or more, until a majority of the assessed taxpaying citizens and guardians of minors owning property in the block or square in which the dramshop is to be kept, shall sign a petition asking for such a license to keep a dramshop in such block or square." * * * The excise commissioner is the only tribunal in the city of St. Louis having authority to grant a dramshop license. Session Acts of 1893, p. 149. In the exer-

cise of that authority he is expressly controlled by section 8 of the dramshop law of 1891, *supra*.    The only record of his proceedings is such an one as is required by section 4 of the Act of 1893, *supra.*

It is contended by the relator that it should affirmatively appear somewhere in the proceedings that the petition for the license was signed by a majority of the assessed taxpaying citizens and guardians of minors owning property in the block, as a prerequisite to the exercise of the authority of the commissioner to grant the license, and the cases of *State ex rel. v. Cauthorn*, 40 Mo. App. 94; *State ex rel. v. Reider*, 45 Mo. App. 387, and *State ex rel. Mayor*, 57 Mo. App. 192, are cited in support of this contention.    In the *Cauthorn* case it was held, that in order to confer jurisdiction on a county court to grant a dramshop license the petition need not aver in the language of the statute that the petition was signed by a majority of the assessed taxpaying citizens, etc., provided this jurisdictional fact was made to appear in other parts of the record.

In the *Reider* case it was held, that as the petition for a dramshop license was a part of the record, a recital in the petition that it contained a majority of the assessed taxpaying citizens, etc., was sufficient to confer jurisdiction, in the absence of any entry of record of the proceedings of a finding by the court that it was so signed.

In the *Mayor* case it was held that when neither the record nor the petition declared the fact that the petition for a dramshop license was signed by the requisite signatures as required by a town ordinance, that there was no jurisdiction to grant the license.

In *State ex rel. v. Heege*, 37 Mo. App. 338, it was held that the jurisdiction of the county court in granting licenses must appear on the face of the proceedings. The jurisdiction of all inferior tribunals not proceeding

according to the course of the common law must affirmatively appear upon the face of their proceedings. *State ex rel. v. Police Commissioners*, 14 Mo. App. 297; *Haggard v. A. & P. R. R. Co.*, 63 Mo. 302; *State v. Schneider*, 47 Mo. App. 669; *Wise v. Loring*, 54 Mo. App. 258; *Corrigan v. Morris*, 43 Mo. App. 456; *Leonard v. Sparks*, 117 Mo. 103. The petition, by section 4 of the Act of 1893, *supra*, is made a part of the record; in fact, the only record from which the jurisdictional facts authorizing the commissioner to grant the license, can be learned. The petition in this case does not even recite the fact that it is signed by a majority of the assessed taxpaying citizens owning property in the block, to say nothing of guardians of minors owning property therein, who are made eligible to sign such petition. Doubtless the commissioner did, as he states in his return, ascertain that the petition was signed by the requisite number of assessed taxpaying citizens owning property in the block, including guardians of minors owning property therein, but this statement in his return can not supply a jurisdictional fact, which is entirely absent from the record of this proceeding before him. We find that the commissioner, in this state of the record, was without jurisdiction to grant the license, and it is ordered and adjudged that the order or permit granted to Julius J. Saitz to keep a dramshop at number *3563* Olive street in block 1060, city of St. Louis, be revoked, quashed, and annulled. All the judges concur.