STATE ex rel. PULLIAM et al., etc., Relators, v. FORT, etc., et al., Respondents.

**St. Louis Court of Appeals, May 24, 1904.**

1. DRAMSHOP LICENSE: County Court: Jurisdiction. Under chapter 22, volume 1, Revised Statutes 1899, exclusive jurisdiction to issue a dramshop license is vested in the county courts of the several counties.

2. ———: ———: Judicial Act. A county court, in granting a dramshop license, acts judicially.

3. ———: ———: Jurisdiction on the Face of Record. All the facts necessary to confer jurisdiction on a county court to grant a dramshop license must appear somewhere upon the face of the proceedings.

4. ———: Petition For. Section 2997, Revised Statutes of 1899, requiring a petition for dramshop license to be signed by a majority of the assessed taxpaying citizens and guardians of minors owning property in the block or square in which the dramshop is to be kept, does not contemplate a majority of each, of male taxpaying citizens, of female taxpaying citizens and of guardians of minors, but all are grouped together and a majority of the whole is sufficient.

5. ———: ———: Findings of County Court. It is not indispensable that a petition for dramshop license shall purport to be signed by a majority of the taxpaying citizens and guardians of minors in the block, etc., to confer jurisdiction upon the county court to grant a license; if the order of the county court granting the license recites in its findings that the petition is so signed, the recital will conclusively show jurisdiction to issue the license.

6. ———: County Courts: Jurisdiction of Circuit Court: Supervision of County Courts. The superintending control given the circuit court over county courts by section 1674, Revised Statutes of 1899, does not authorize a circuit court, by writ of prohibition, to direct a county court when or under what circumstances the latter may exercise its jurisdiction to pass upon the sufficiency of a petition for dramshop license.

State ex rel. v. Fort.

7. **PROHIBITION: Jurisdiction.** The writ of prohibition may be employed by a superior court to prevent an inferior court from the exercise of power in excess of what has been conferred on it, or the exercise of jurisdiction over subject-matter where no jurisdiction at all exists.

8. ——: **Remedy by Appeal.** The fact that an appeal will lie in the proceeding sought to be restrained is not ground for denying the writ of prohibition, where the remedy by appeal is inadequate or not sufficiently speedy.

9. ——: **Dramshop License: Supervision of Circuit Court Over County Court.** Since the keeping of a dramshop is prohibited by law and is merely permissible on condition that certain statutory requirements are complied with, to refuse a license, can work no irreparable injury to any one; therefore, the appellate court will not issue a writ of prohibition restraining a circuit court from interfering, beyond its jurisdiction, with a county court, in respect to granting a license for a dramshop.

Application for Writ of Prohibition.

WRIT DENIED AND APPLICATION DISMISSED.

*Thomas F. Lane* and *L. M. Atkinson* for relators.

(1) The county court has original and exclusive jurisdiction to grant dramshop licenses and to examine and pass on the applications and petition for same. R. S. 1899, secs. 2993, 2997; State v. Evans, 83 Mo. 319; Austin v. State, 10 Mo. 591; Bean v. Barton Co. Court, 33 Mo. App. 635. (2) The county court having original and exclusive jurisdiction to hear and determine the sufficiency of application and petitions for a dramshop license, and the writ of certiorari furnishing a complete remedy should the court err in determining the same, the circuit court is without jurisdiction to issue the writ of prohibition against the judges of said county court. High's Ex. Leg. Rem. (3 Ed.), secs. 764a, 770, 771 and 772; Spelling, Inj. Ex. Rem. (2 Ed.), secs. 1725, 1727, 1728 and 1729; Estee's Pld. (4 Ed.), sec. 5442; 2 Bailey on Jur., secs. 446, 477, 457, 467; 23 Am. and Eng. Ency. Law (2 Ed.), p. 203; State ex rel. v.

Hickman, 85 Mo. App. 198, and cases cited; State ex rel. Bowerman, 40 Mo. App. 576; County Court v. Boreman, 34 W. Va. 87; Higgins v. Talty, 157 Mo. 280. It will be admitted that the circuit court has a general superintending control of inferior courts but in exercising that control, circuit courts must be guided solely according to the principles and usages of law. Railroad v. St. Louis, 92 Mo. 160. (3) Three conditions are necessary to warrant the granting of relief by prohibition: "First, that the court, officer or person whom it is sought to restrain is about to exercise judicial or quasi-judicial powers; second, that the exercise of such power is unauthorized by law; third, that it will result in injury for which no other adequate remedy exists." Neither of the last two grounds are shown or alleged to exist in the prohibition in the circuit court and that court acted wholly without jurisdiction. Railway v. St. Louis, 92 Mo. 166; People v. Dist. Court, 6 Colo. 534; People v. Dist. Court, 19 Pac. 541. (4) The circuit court of said Ripley county, having no jurisdiction (or exceeding its jurisdiction) in issuing said provisional writ of prohibition against relators herein, will be prohibited by this appellate court from taking further cognizance of said cause in said circuit court. State ex rel. v. Aloe, 152 Mo. 466; State ex rel. v. Wood, 155 Mo. 425; State ex rel. v. Scarritt, 128 Mo. 331; State ex rel. v. Hirzel, 137 Mo. 435. (5) Prohibition lies to prevent the exercise of unauthorized power in a cause or proceeding of which the inferior tribunal has jurisdiction, no less than when the entire action is without jurisdiction; the original design of the writ being that it should prevent an encroachment of jurisdiction. Appo v. People, 20 N. Y. 531; Sweet v. Hulbert, 51 Barb. 313; Thomas v. Mead, 36 Mo. 233; Wells on Jur. of Courts (1880 Ed.), sec. 505; 2 Cooley's Blackstone, book 3, p. —. (6) Havemeyer v. San Francisco Superior Court, 84 Cal. 327, 10 L. R. A. 627; State ex rel. v. Superior Court, 15 Wash. 668, 37 L. R. A. 111; People v. District Court, 46 L. R. A.

State ex rel. v. Fort.

850. (7) Even if the circuit court has authority to issue the writ of prohibition and jurisdiction of the subject-matter, this court will prohibit the circuit court from further action in the matter as an appeal from the judgment of the circuit court will not afford an adequate remedy. High, Ex. Rem. (3 Ed.), sec. 771a; 2 Spelling, Inj. & Ex. Rem. (2 Ed.), sec. 1730; State ex rel. v. Eby, 170 Mo. 497; Railroad v. Wear, 135 Mo. 230.

*J. C. Sheppard* for respondents.

(1) Prohibition is a remedy only to prevent a judicial tribunal from assuming a jurisdiction which it does not possess. "It may be applied to prevent action by a court in excess of its legitimate authority in a proceeding whose subject-matter falls within the general cognizance of the court, as well as to stay an assumption of power over causes which by their nature are not confided by law to the court's consideration." State ex rel. v. Scarritt, 128 Mo. 338; State ex rel. v. Talty, 166 Mo. 529; School Dist. v. Burris, 84 Mo. App. 663. (2) Circuit courts have superintending control over county courts. R. S. 1899, sec. 1674. And power to issue writs of prohibition against them. Howard v. Pierce, 38 Mo. 296; State ex rel. Morse v. Burckhartt, 87 Mo. 537; State ex rel. v. Elkin, 130 Mo. 109; State ex rel. v. Aloe, 152 Mo. 466; State ex rel. v. Cline, 85 Mo. App. 628. (3) Especially should this court not interfere with the judicial discretion of the circuit court by preventing his passing upon the application for prohibition when, should the county court grant the license illegally, there is no appeal, and the remedy by certiorari is inadequate.

BLAND, P. J.—On the petition of J. P. Campbell, A. B. Young et al., Hon. J. L. Fort, judge of the Ripley circuit court, issued a preliminary order prohibiting John A. Pulliam, A. Harper and J. M. Weatherspoon, justices of the county court of Ripley county, from con-

sidering or acting upon the application of John A. Patterson and E. Lacy for a license to keep a dramshop in Doniphan township, in said Ripley county, which application, with the petition, was filed in said county court April 21, 1904. The petition for the writ presented to Judge Fort alleged that the county court of Ripley county had no jurisdiction to act upon the petition for the dramshop license for the following reasons: First, that the petition for the license does not state a majority of the assessed taxpaying citizens of Doniphan township had signed said petition, that it does not show that a majority of the guardians of minors owning property in said township had signed the petition, and that the petition does not show that a majority of the female citizens owning property in said township had signed the petition. Second, because the petition does not state that any of the signers to the petition resided in said township or are assessed, taxpaying citizens of said township, because some of the petitioners, when they signed the petition, signed it with the understanding that it would be presented at the regular February term, 1904, of the county court of Ripley county, when in fact the petition was not filed until long after said February term.

On the petition of J. A. Pulliam et al., relators herein, we issued a preliminary order directed to Judge Fort et al., prohibiting them from taking any further steps in the matter. The respondents appeared in court by their counsel and filed their demurrer to the petition of relators. The demurrer raises two questions of law for decision, first, whether or not Judge Fort had jurisdiction to issue the preliminary writ; second, if he had no such jurisdiction or exceeded his jurisdiction, is the case of such an urgent nature as will warrant us to issue a writ of prohibition to the respondents.

Exclusive jurisdiction to issue dramshop license in all counties of the State is vested in the county courts of the several counties. Chap. 22, vol. 1, R. S. 1899. A

county court in granting a license to keep a dramshop, acts judicially. State ex rel. Campbell v. Heege, 37 Mo. App. 338. As it is well-settled law in this State that under the peculiar wording of the statute in reference to dramshop license, all the facts necessary to confer jurisdiction on a county court to grant the license must appear somewhere upon the face of its proceedings. State v. Heege, supra; State ex rel. Harrah v. Cauthorn, 40 Mo. App. 94; State ex rel. Reider v. The Moniteau Co. Ct., 45 Mo. App. 387; State ex rel. v. Mayor, etc., 57 Mo. App. 192; State ex rel. v. Higgins, 71 Mo. App. 180; State v. Seibert, 97 Mo. App. 205, 71 S. W. 95.

The law (section 2997, Laws of 1891, p. 128) declares: "It shall not be lawful for any county court in this State . . . to grant any license to keep a dramshop in any town or city containing two thousand inhabitants or more, until a majority of the assessed taxpaying citizens, and guardians of minors owning property in the block or square in which the dramshop is to be kept, shall sign a petition asking for such license." If the city, town or municipality where the dramshop is to be kept has less than two thousand inhabitants, the section provides that the petition must be signed by both a majority of the taxpaying citizens and guardians of minors owning property therein and in the block or square in which the dramshop is to be kept. The petition filed before Judge Fort seems to assume that this statute requires the petition for the license to be signed by a majority of each of three classes of persons, to-wit, a majority of the male taxpaying citizens, a majority of the female taxpaying citizens, and a majority of the guardians of minors owning property in the locality to be affected by the dramshop. The statute does not classify those who are eligible to sign such petition but groups them and provides that the petition shall be signed by a majority of the group, that is, that the male and female taxpaying citizens and guardians of minors owning property, etc., shall be counted as eligible to sign

a petition, and before the county court is authorized to grant the license the petition must be signed by a majority of all the persons who are eligible under the statute to sign the petition. It is not indispensable that the petition shall purport to be signed by a majority of the taxpaying citizens and guardians of minors in the block, etc., to confer jurisdiction on the county court to grant the license. If the court recites in its order granting the license, the result of its finding that it must make, to-wit, that the petition has been signed by a majority of taxpaying citizens and guardians of minors owning property in the block, etc., this recital will conclusively show that the county court had jurisdiction to issue the license. State v. Cauthorn, State v. The Moniteau Co. Ct., State v. Seibert, supra.

The allegation of the petition for writ of prohibition presented to Judge Fort, that the petition did not purport to be signed by a majority of the taxpaying citizens and guardians of minors residing in Doniphan township, did not show or tend to show that the county court was without jurisdiction to act upon the petition for dramshop license and furnished no ground whatever for the issuance of the preliminary order prohibiting the county court from considering said petition. It is contended, however, that as the circuit courts of the State are, by the fourth subdivision of section 1674, given superintending control over county courts, the Ripley circuit court is by virtue of that section authorized to interfere at any stage of a proceeding before the county court and supervise its action. The supervision which the circuit court may exercise over county courts is not a general power to give direction, but is a power to be judicially exercised by appropriate common law writs and in accordance with common law principles. The function of a writ of prohibition is to prevent usurpation of jurisdiction by an inferior court. As said above, jurisdiction to issue dramshop license in the several counties of the State is vested exclusively

in the county court of each county.   Having this exclusive jurisdiction over the subject-matter of dramshop licenses it (the county court) must ascertain for itself when the occasion arises for the exercise of its jurisdiction, and no superior court of the State has the right to judicially supervise the exercise of this power by directing when or under what circumstances the county court may exercise its jurisdiction to consider and pass upon the sufficiency of a petition for a dramshop license. State ex rel. v. Hickman, 85 Mo. App. 198, and cases cited.   After it has acted, its order or judgment on the petition may, by writ of *certiorari* issued out of a superior court, be corrected or annulled, but there is no authority to prohibit action at all, and we are satisfied that, while the Ripley circuit court possesses superintending control over the county court of Ripley county, in respect to the issuance of dramshop license, the issuance of the preliminary writ prohibiting that court from considering or acting on the petition presented by Patterson and Lacy was in excess of the jurisdiction of the circuit court.

2.   Should this court prohibit the circuit court from further proceeding in the case, is the next and most important question for consideration.   In State ex rel. v. Scarritt, 128 Mo. l. c. 338, it is said:   "The writ of prohibition may be invoked to check the use of judicial power when sought to be exerted beyond the lines which the law has marked as the limits for the operation of the power."   Substantially the same ruling was made in Railroad v. Wear, 135 Mo. 230; State ex rel. v. Elkin, 130 Mo. 90; State ex rel. v. Slover, 126 Mo. 652.

"The province of the writ," says High on Extraordinary Legal Remedies, "is not necessarily confined to cases where the subordinate court is absolutely devoid of jurisdiction, but it is extended to cases where such tribunal, although rightfully entertaining jurisdiction of the subject-matter in controversy, has exceeded

its legitimate powers." This definition of the functions of a writ is approvingly cited by the Supreme Court in State ex rel. v. St. Louis Court of Appeals, 99 Mo. l. c. 221.

In Arnold v. Shields, 30 Amer. Dec. l. c. 671, the court said: "According to the common law, superior courts are entitled to a general superintendence over all subordinate courts, for the purpose of keeping them in their prescribed sphere, and of preventing usurpation. . . . Although it is sometimes said, that the object of a prohibition is to prevent the usurpation, by an inferior, of jurisdiction which belongs to a superior court, nevertheless, it seems not only to accord with reason and fitness, but to be well settled by authority, that an inferior tribunal may be prohibited from acting in a case in which no court would be entitled to cognizance. The fact that a court in attempting to exercise control over a case in which it has no right to act, is a sufficient ground for prohibition, whether any other court would have jurisdiction or not."

Blackstone (3 Blackstone's Com. sec. 112), in defining the object and scope of the writ, says a prohibition is a writ "directed to the judge and parties to a suit in any inferior court, commanding them to cease from the prosecution thereof, upon a suggestion, that either the cause originally, or some collateral matter arising therein, does not belong to that jurisdiction, but to the cognizance of some other court."

In Walcott v. Wells, 37 Am. St. Rep. 478, the court said: "The object of the writ is to restrain inferior courts from acting without authority of law in cases where wrong, damage and injury are liable to follow from such action."

In Speed v. Common Council of Detroit, 98 Mich. 360, (39 Am. St. Rep. 555) it is said: "The writ of prohibition lies to prohibit the exercise by an inferior tribunal or officer of judicial powers with which he is

not legally vested, and to prevent actions in excess of the jurisdiction conferred by law.''

The writ is a direct attack on the action of the court and cannot be called into requisition to correct what is ordinarily understood to be judicial mistake; but that it may be employed to prevent the exercise of jurisdiction not conferred at all or the exercise of judicial power in excess of what has been conferred, is well-settled law here and elsewhere. Railroad v. Wear, 135 Mo. 230; State ex rel. Richardson v. Withrow, 141 Mo. 69; State ex rel. v. Aloe, 152 Mo. 466; State ex rel. v. Fort, 77 S. W. 741; State ex rel. v. St. Louis Court of Appeals, supra; State v. Pace, 34 Mo. App. 458; School Dist. v. Burris, 84 Mo. App. 654; Weaver v. Toney, 50 L. R. A. 105; State ex rel. Bank v. Johnson, 51 L. R. A. 33.

An act in excess of the jurisdiction conferred on a court and an act over a subject-matter where no jurisdiction at all exists, are alike usurpations of power differing not in kind but in degree, and prohibition lies as well in the one as in the other to stay the hand of the usurper. The circuit court being without jurisdiction to prohibit the county court from considering and passing upon the sufficiency of a petition for a dramshop license, should this writ prohibit the circuit court from interfering by prohibition with the legitimate functions of the county court, it being conceded that an appeal will lie from an adverse decision by the Ripley circuit court on final hearing?

''Where an appeal is a wholly inadequate remedy, the fact that an appeal will lie is not ground for denying a writ of prohibition. So, where the remedy by appeal is adequate but not sufficiently speedy, the writ lies.'' 23 Am. and Eng. Ency. of Law, p. 211.

High says, ''If it is manifest that an appeal from the action of the court would afford an inadequate remedy the right of appeal, does not of itself afford suf-

ficient ground for refusing the writ." High on Extraordinary Remedies (3 Ed.) sec. 771a.

In State ex rel. v. Spencer, 166 Mo. 1. c. 278, a proceeding to prohibit exposure of ballots in a contested election case, the court said: "It is contended, however, that these are matters that can only be corrected on appeal or writ of error, and are not properly cognizable in a prohibition case. This is true in ordinary cases where no one except the parties litigant is concerned, and where the rights of third persons, not parties to the suit, can not be injuriously affected by anything that is done in the particular case. But it is not true in a contested election case, for the 136,000 voters, whose ballots are sought to be exposed without their consent, have a constitutional right to be protected."

In State ex rel. v. Allen, 45 Mo. App. 551, a writ of prohibition was directed to A. W. Allen, a justice of the peace, from submitting to a jury the issues in a suit brought before him under the landlord and tenant act for the recovery of premises for non-payment of rent, the statute in such case requiring the justice to try the issues himself. Answering a contention that the appeal afforded an adequate remedy, the court through ELLISON, J., said: "It is true that he may obtain, ultimately the object of his suit, but if he has a right to have his cause tried by the justice and the justice determines not to try the cause himself but, instead, to submit to a jury, relator is quite effectively deprived of such right, and so completely is he deprived that he cannot have the wrong thus committed redressed; for in no event can the result of the appeal restore him to the right to his summary remedy at the hands of the justice of the peace. The law gives the landlord a quick remedy, and if, in its wisdom, it has declared that such remedy shall be had by trial before a justice, and not a jury, and this is denied, an appeal does not obtain it, and the redress must lie in the extraordinary process of the courts."

In Anderson v. Superior Court, 122 Cal. 216, it was

said: "A proceeding by the creditors of an alleged insolvent debtor without a bond, in the face of an objection thereto, and without any waiver of the objection, is in excess of the jurisdiction of the superior court, and there being no adequate remedy therefor by appeal, prohibition will lie to restrain such proceeding."

In Crisler v. Morrison, 57 Miss. l. c. 802, speaking of the refusal of the writ, because an appeal or writ of error would lie from the judgment of the inferior court, the court used this language. "It is certain that, when it is refused on that ground, the remedy by revisory proceedings must be adequate."

In State ex rel. v. Circuit Court, 97 Wis. 1, it was held, where an attempt to punish an alleged criminal contempt is in excess of the jurisdiction of the court and immediate imprisonment was threatened and about to be inflicted, prohibition is the only adequate remedy.

In White v. Superior Court, 110 Cal. 54, it is said: "The writ of prohibition lies only where there has been an excess of jurisdiction, and there is not a plain, speedy, and adequate remedy in the ordinary course of law; and where an appeal affords a complete and adequate remedy, and the same ends may be accomplished by it, as a stay of proceedings thereupon, as by a writ of prohibition, although perhaps not in so expeditious a manner, the party is not entitled to the writ, but must resort to his remedy by appeal, although a question of jurisdiction may be involved."

"The writ will not be issued because of the greater expense, inconvenience or delay of other remedies." 23 Am. and Eng. Ency. of Law, p. 208.

In Lindley v. Superior Court, 74 Pac. 765, it is said that the fact "that a superior court is without jurisdiction of a cause, and the trial thereof would be expensive and troublesome, is not sufficient ground for the granting of a writ prohibiting the court from pro-

ceeding to trial, there being a remedy by appeal from any adverse judgment.''

In Holly Shelter R. Co. v. Newton, 45 S. E. 549, it is said: ''A writ of prohibition is not a writ of right, but its issuance is a matter of discretion, and will not be allowed where its denial will not result in irreparable damage.''

A petition for dramshop is effective for one year only, and it might happen that before the cause could be heard in the Ripley circuit court and again heard on appeal, should the judgment of the circuit court be adverse to these petitioners, the petition for the dramshop license would become *functus officio* and Patterson and Lacy be deprived of their legal right to have the petition heard and considered by the county court. If they, Patterson and Lacy, had an inherent right to keep a dramshop, its denial would work irreparable injury to them, or if the public would be benefited by the keeping of the proposed dramshop, or would derive any direct benefit or profit from it, it would be our duty to prohibit the Ripley circuit court from interfering with the action of the county court on the petition for the license. But no one has a constitutional right to keep a dramshop. In this State the sale of intoxicants is prohibited by law and the keeping of a dramshop is merely permissible on condition that certain statutory requirements are complied with. To refuse a license can work no irreparable injury to any one. The public is neither directly or indirectly benefited by saloons, the reverse is generally true.

For the reasons stated above, and following the case of State ex rel. v. Spencer, supra, we deny the writ and dismiss the petition at the cost of the petitioners. *Reyburn* and *Goode, JJ.,* concur, the latter in result.